STERLING P. CARDWELL, Respondent, v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1901.

1. **Master and Servant:** PETITION: NEGLIGENCE: IGNORANCE OF DANGER. A petition, counting on negligence, if defective, is held to state a cause of action, and sufficiently alleges negligence and the master's knowledge of the danger.

2. ——: ——: ——: ——. The mere knowledge of the master's negligence and that risk is to be incurred by the servant, is not, as a matter of law, sufficient to defeat the servant's action, unless the danger was imminent and the work could not be done by ordinary care without impending injury. Cases considered and criticised.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*Dan. W. Lawler* and *James C. Davis* for appellant.

(1) The petition in this instance neither alleges a knowledge by the defendant of any danger attending the carrying of the level-board underneath the platform of the handcar in the manner therein stated nor does it allege a corresponding ignorance of such danger on the part of the plaintiff. In fact it does not charge either directly or inferentially that such manner of carrying the level-board was negligent or unsafe or dangerous or unknown to plaintiff. In the absence of any one of these allegations the petition is fatally defective. Epperson v. Tel. Co., 50 S. W. Rep. 795; Thompson v. Railroad,

86 Mo. App. 141. On the trial of the cause in the circuit court the plaintiff testified in effect that the level-board had been carried underneath the hand car for almost two months in the same manner in which it was being carried on the morning of the accident and that that manner of carrying it was unsafe and dangerous; that during all of that period he had known of this manner of carrying the level-board and the danger attending it and that it was equally as obvious and patent to him as it was to the section foreman; that notwithstanding such knowledge he had continued in the service of defendant in the same line of employment until the date on which he was injured. Under these admissions the instruction in the nature of a demurrer to the evidence offered by defendant at the conclusion of all the testimony should have been sustained. Epperson v. Tel. Co., supra; Thompson v. Railroad, supra; Fugler v. Bothe, 117 Mo. 475; Steinhauser v. Spraul, 127 Mo. 541; Marshall v. Press Co., 69 Mo. App. 256; Holloran v. Foundry Co., 133 Mo. 470.

*Crow & Eastin* for respondent.

(1) Plaintiff's petition states that the foreman carelessly and negligently ordered the level, described in evidence, placed in the position complained of, and "that said fall and plaintiff's injuries as above stated were caused solely by reason of the carelessness and negligence of the defendant and its agents as above set forth." It is not necessary to allege knowledge on the part of the defendant when he commits the act complained of himself. (2) A servant is not, at the price of being discharged, bound to set up his judgment against that of his master about things over which there can be a difference of opinion in the minds of reasonably prudent persons, and when the servant is assured of safety by the master, he has a

Cardwell v. C. G. W. Ry. Co.

right to rely upon the superior judgment of the master, unless the danger is so obvious that a reasonably prudent man would abandon his employment rather than continue in the face of the danger. Warner v. Railroad, 62 Mo. App. 184; Keegan v. Kavanaugh, 62 Mo. 230; Monahan v. Coal Co., 58 Mo. App. 68; Halliburton v. Railroad, 58 Mo. App. 27; Shortel v. City of St. Joseph, 104 Mo. 114; Stephens v. Railroad, 96 Mo. 207; Schroeder v. Railroad, 108 Mo. 323.

ELLISON, J.—The plaintiff was an employee of defendant as a section hand under the immediate control of one of defendant's section foremen. It appears that a handcar was used by the section men in going over the track and also a "level-board." That this level was carried under the platform of the car by being placed on two iron bars which extended across the car under the platform. That while going over the track in the service of the company, at about the speed of ten or twelve miles an hour, one end of the level fell off the bars (the other end remaining in place) and caught under one of the ties of the track, thereby throwing the car from the track and injuring the plaintiff. There was a verdict for plaintiff.

There are but two questions presented. One relates to the alleged failure of the petition to state a cause of action; and the other is on a failure of proof. Both questions really relate to the same supposed defect.

There was no demurrer to the petition and it is attacked now as failing to state any cause of action, in that it does not allege any knowledge on defendant's part that the aforesaid mode of carrying the level was unsafe or dangerous; nor that the plaintiff was ignorant of its being dangerous. The petition as copied into the abstract does show an allegation that the foreman aforesaid "carelessly and negligently ordered the

Vol 90 app—3

employees working with plaintiff to carry said level aforedescribed on the two iron bars extending across defendant's track on said handcar, and that the employees of the defendant, obeying the instructions and orders of the said foreman, placed said level on said iron bars; that while plaintiff was on said car with other employees and the foreman in the performance of his duties, and while said car was going at the rate of ten or twelve miles per hour, said level, so negligently and carelessly placed on said bars underneath the floor of said car," etc. If we should concede the petition to be defective, yet, considering these allegations, we do not agree to the contention that there was a failure to state a cause of action.

In answer to the second objection, we find it to be true that the petition does not state that the plaintiff was ignorant of the danger in carrying the "level-board" as it was carried. It is not necessary that it should so state. That the servant should be ignorant of the danger is not a necessary requisite, as a matter of law, to his recovery. Hamman v. Cen. Coal & Coke Co., 156 Mo. 232. In that case Judge BURGESS said: "The evidence was clear that deceased was an experienced miner, and that he knew the condition of the roof, but it does not necessarily follow that it was his duty to abandon his work, if it was true, that defendant had been requested by him to furnish props for the room, had promised to do so, and failed, unless the roof was so glaringly defective and unsafe that a man of ordinary prudence and caution would not have worked in the room, or unless it was so dangerous as to threaten immediate injury. Mere knowledge that the roof was unsafe, 'and that risk was to be incurred in working under it' was not, as a matter of law, sufficient to defeat the plaintiff's action, if the danger was not such as to threaten immediate injury, or if it was reasonable to suppose the room 'might be safely used by the exercise of care.' Smith v. Little Pittsburg Coal Co.,

75 Mo. App. 177; Stoddard v. Railroad, 65 Mo. 514; Devlin v. Railroad, 87 Mo. 545; Huhn v. Railroad, 92 Mo. 440; Hamilton v. Mining Co., 108 Mo. 364; Holloran v. I. & F. Co., 133 Mo. 470."

The chief authorities relied upon by defendant are the cases of Epperson v. Postal Tel. Co., 155 Mo. 346, and Thompson v. Railway, the latter decided by this court, in which we followed the Epperson case. Later on, we set that decision aside. The rule stated in the later case of Hamman v. Coal Co., supra, supported by what was understood to be the law prior to the Epperson case, must govern us.

An examination of the entire record satisfies us that the judgment should be affirmed and it is so ordered.. All concur.