ANDREW ZONGKER, by next friend, Respondent,
v. PEOPLE'S UNION MERCANTILE COM-
PANY, Appellant.

**Kansas City Court of Appeals, March 27, 1905.**

1. **TRIAL PRACTICE: Pleading: Reply: Waiver.** Though there
be no reply, yet if the trial and evidence proceed on the the-
ory that there is one, the omission is waived.

2. **PLEADING: Instruction: Variance.** The petition and the in-
structions based thereon are examined and held to coincide and
not to constitute a variance.

3. **NEGLIGENCE: Elevator: Evidence: Master and Servant.** The
evidence relating to the condition of an elevator is held to
show negligence, and that the injury resulting therefrom did
come within the assumption of risk by the servant, and the
facts did not warrant the conclusion that the servant was guilty
of contributory negligence, which question was properly sub-
mitted to the jury.

4. **PARENT AND CHILD: Emancipation: Evidence: Jury.** No
formal act is required to effect the manumission of a minor
child, and although the intention must be clearly established
it may be inferred from conduct alone and should be submitted
to the jury.

5. ———: ———: **Prochein Ami: Earnings.** Where a parent is
next friend to a son in an action for personal injury and claim-
ing his lost earnings, the former is presumed to know the con-
tents of the pleadings and to sanction the same and must be
held to voluntarily surrender his rights to such earnings.

6. **DAMAGES: Loss of Earnings: Pleading.** Held, that both the
allegation and proof in the record are sufficient to support a
recovery of lost earnings.

Appeal from Jackson Circuit Court.—*Hon. Andrew F.
Evans,* Judge.

AFFIRMED.

J. N. & A. C. *Southern* for appellant.

(1) The court erred in giving the long instruction asked by plaintiff, designating the negligence charged against defendant as pulling upon the cable with unusual force so that it suddenly became loose and moved causing plaintiff to fall, etc. The language used presented an issue not raised in the pleadings, an issue not constituting an allegation of negligence and if supported by the testimony, an issue that would not sustain a verdict for plaintiff. Pryor v. Railway, 85 Mo. App. 378; Jacquin v. Cable Co., 57 Mo. App. 331; Ramey v. Railroad, 157 Mo. 506. (2) Plaintiff's instruction numbered 1 was erroneous in that it was so general as to permit the jury to find for plaintiff on other grounds than those set forth in the petition. Chitty v. Railroad, 148 Mo. 64; Edwards v. Railroad, 79 Mo. App. 257; Colliott v. Mfg. Co., 71 Mo. App. 163; Milligan v. Railroad, 79 Mo. App. 393; Wilmott v. Railroad, 106 Mo. 535; Estes v. Shoe Co., 155 Mo. 573; Hoepper v. Hotel Co., 142 Mo. 378; Bradley v. Railroad, 138 Mo. 293; Tailor Co. v. Smith, 52 Mo. App. 351; Achlereth v. Railway, 96 Mo. 509; Jacquin v. Cable Co., 57 Mo. App. 320; Dahlstrom v. Railroad, 96 Mo. 99; Mfg. Co. v. School Dist., 54 Mo. App. 171; Mound City v. Conlon, 92 Mo. 292; Wilmott v. Railway, 106 Mo. 535. (3) The court in giving the instruction numbered 3 for plaintiff erred in submitting to the jury the question of plaintiff's emancipation by his mother as affecting an increase of damages to be allowed in his favor, by reason of time he might hereafter lose from work on account of his alleged injuries. The question was not sufficiently raised in time or in terms by the pleadings nor the proposition sought to be contained in it sustained by the testimony. Philpot v. Railway, 85 Mo. 164; Soldanels v. Railway 23 Mo. App. 521;

Schouler on Domestic Relations; Wood on Master and Servant. If the father be dead, the wages belong to the mother. Dooley v. Railway, 45 Mo. App. 108. (4) The next friend is not the agent of the infant, but derives his authority from the court which appoints him. Hence, he is not estopped by the proceedings in a cause where he acts as next friend. He is an officer of this court and therefore is not estopped by the judgment. Raming v. Railway, 157 Mo. 491. (5) Damages for the loss of a child's services cannot be recovered without evidence tending to show the probable value of such services from the time of the injury to the child's majority. Dunn v. Railway, 21 Mo. App. 206. (6) Here no proof of damages of future loss of time was made. Hence, the instruction was error also in this particular. (7) The court erred in refusing to sustain defendant's demurrer to the evidence at the conclusion of plaintiff's testimony and at the close of the case in refusing defendant's instruction marked "D," both to the effect that if plaintiff knew of the defects of the elevator and voluntarily undertook to operate it and was injured by the said defects he could not recover. Roddy v. Railway, 104 Mo. 251; Price v. Railroad, 77 Mo. 511; Porter v. Railroad, 71 Mo. 67; Dimit v. Railroad, 50 Mo. 302; Roberts v. Tel. Co., 166 Mo. 379; Steinhauser v. Spraul, 127 Mo. 562; Nugent v. Milling Co., 131 Mo. 245; 2 Thompson on Neg., 1008; Flood v. Tel. Co., 131 N. Y. 603.

*Flournoy & Flournoy* for respondent.

(1) By going to trial upon the issues involved and tried, appellant waived the error, if any, of respondent's failure to file a reply to appellant's answer. Nelson v. Wallace, 48 Mo. App. 193; Holke v. Herman, 87 Mo. App. 125. (2) If the state of appellant's record does not preclude it from making its point as to contributory negligence, then we say that neither the

defects in the elevator, nor the knowledge of respondent, were such as to charge respondent with contributory negligence. Wendler v. Fur. Co., 165 Mo. 527; Robbins v. Min. Co., 105 Mo. App. 78, 79 S. W. 480; Weston v. Min. Co., 105 Mo. App. 702, 78 S. W. 1044; Dean v. Woodenware Works, 80 S. W. 292; Carter v. Baldwin, 81 S. W. 204; Cole v. Transit Co., 183 Mo. 81, 81 S. W. 1138. (3) A parent can emancipate his or her minor child so as to entitle the child to recover for loss of time, past and future, in an action for personal injuries, and such emancipation may be shown by direct evidence or implied from circumstances. Dieker v. Hess, 54 Mo. 246; The Etna, 1 Ware (U. S.) 462; Waddell v. Coggshall, 2 Metc. (Mass) 89; Abbott v. Converse, 4 Allen 538; McCarthy v. Railway, 148 Mass. 550; Bobo v. Bryson, 21 Ark. 387; Fanhurst v. Lewis, 23 Ark. 435; Wheeler v. Railway, 31 Kan. 640; Campbell v. Campbell, 11 N. J. Eq. 268; Burdsall v. Waggoner, 4 Colo. 261; Shortell v. Young, 23 Neb. 408; Dick v. Grissom, 1 Freeman Ch. (Miss.) 428; Judd v. Ballard, 66 Vt. 668; Scott v. White, 71 Ill. 287; Angler v. Badgley, 29 Ill. App. 336; Iron Works v. Duncan, 2 Ind. App. 264; Wright v. Dean, 79 Ind. 407. (4) If no emancipation had been alleged or proven, the respondent's mother would be estopped from bringing any action against the appellant for the loss of her son's services because she brought this suit as his next friend and testified in the case. McCarthy v. Railway, 148 Mass. 550; Railway Company v. Davis, 58 S. W. 698, 60 S. W. 114; Scott v. White, 71 Ill. 287; Angler v. Badgley, 29 Ill. App. 336; Ables v. Bransfield, 19 Kas. 16; Baker v. Railway, 91 Mich. 298, 51 N. W. 897.

JOHNSON, J.—Action for damages resulting from personal injuries. Plaintiff recovered judgment for four hundred and eighty-five dollars and defendant appealed. The answer contained a plea of con-

tributory negligence. No reply was filed but it appears the case was tried upon the theory that plaintiff's negligence, if any, was in issue. The error involved in this omission, therefore, was waived. [Nelson v. Wallace, 48 Mo. App. 193; Holke v. Herman, 87 Mo. App. 125.]

Plaintiff, a boy 17 years of age, was at the time of his injury employed in common labor by defendant in and about its store building in Independence. He was engaged in using, under defendant's directions, a freight elevator maintained in the building. After entering upon the elevator, the floor of which was at the time some three feet below the floor of the building from which he entered, plaintiff pulled in the usual way upon the cable provided for putting it in motion; no response following this act, he applied greater force in a pull upon the cable, whereupon it suddenly loosened and the elevator started to ascend. Owing to this unexpected result plaintiff was thrown in a position that his left leg was caught between the floor of the elevator and that of the building, resulting in the fracture of his knee cap.

The negligence charged in the petition is contained in the following allegations: "Said elevator was out of repair and in an unsafe and defective condition in this: that its floor would not stand on a level with any of the floors of said building when said elevator was stopped at any of said floors, but would sink about two feet below the same, and said cable would often catch and become fast in the machinery so as not to properly respond to the usual and proper force necessary to move said elevator. . . . That at said time, owing to said defective condition of said elevator, the floor of same was standing about two feet below the floor of said building and said cable was caught or fast in the machinery of said elevator. . . . That after plaintiff in obedience to said order had placed said material upon said elevator, and had gotten upon it, he found said cable fast as aforesaid, and while attempting to

manipulate the same so as to move said elevator, said cable, because of said defective condition of said elevator, suddenly became loose and caused said elevator to suddenly and violently start, causing plaintiff to fall," etc.

It is contended the first instruction given on behalf of plaintiff presented issues of fact different from those specified in the petition. The variance claimed is contained in this part of the instruction; "and that on said date when said Zongker undertook to use said elevator, said cable had become caught and was fast, owing to said defective condition of said elevator (if you find the same was defective) so that it became necessary for said Zongker to pull upon said cable and said elevator and that while he was so pulling, said cable suddenly became loose and moved causing him to fall and said elevator to move and to catch his knee."

It is urged that plaintiff's act in starting the elevator, described in the petition as an attempt "to manipulate the cable to move the elevator," is essentially different from that submitted in the instruction in the words "and it became necessary for Zongker to pull upon said cable with unusual force.".

The gist of the complaint made in the petition is that the elevator was so out of repair the operating cable would catch, become fast in the machinery, and on account thereof fail to respond to usual and proper force, and was in such condition at the time plaintiff attempted to start it. In the light of the facts averred, a proper interpretation of the words "attempting to manipulate the cable" would include the act of pulling upon it with unusual force. Doutless the pleader in employing the word "manipulate"—which means to handle; to treat, work or operate with the hands—meant to include both acts of plaintiff in his efforts to move the elevator, the ordinary pull first applied and the more forcible one which followed. In this view,

it is clear the issues submitted in the instruction coincide with the facts alleged.

Defendant's abstract of the record does not contain the evidence offered by it at the trial. From that introduced by plaintiff it appears defendant was negligent in a marked degree. The elevator was moved by water power. Its operating gear was contained in an enclosed receptacle which was permitted to become filled with mud, scraps of iron and other material to such an extent that the wheels became clogged and moved with difficulty. This condition was known to defendant, one of whose officers had made weak and abortive attempts to repair it. Under such facts, there can be no question of assumed risk in the case. [Pauck v. Beef, etc., Co., 159 Mo. 467; Curtis v. McNair, 173 Mo. 280; Cole v. Transit Co., 183 Mo. 81, 81 S. W. 1142; Smith v. Coal Co., 75 Mo. App. 177; Settle v. Railway, 127 Mo. 336; Huhn v. Railway, 92 Mo. 440; Cardwell v. Railway, 90 Mo. App. 31.]

Nor do they warrant the conclusion that plaintiff, as a matter of law, should be held guilty of contributory negligence. That question was one for the jury and was submitted in properly drawn instructions. See authorities last cited.

The elevator had been out of repair in the manner described for some time. It was a common thing for the cable to catch, and those operating it had been accustomed to pull vigorously when they found it fast. Plaintiff, a mere youth, followed the example of others. No imminent danger was threatened and there is no evidence in the record before us which points to any want of due care in plaintiff. He fell because of the unexpected suddenness and violence of the loosening of the cable, and this was the direct result of the defective condition of the machinery.

Further, it is said that error was committed in permitting plaintiff to recover for loss of earnings. One ground of complaint is based upon the fact of his

minority. The mother of plaintiff appeared as next friend in this action. The father is dead and the young man lived with his mother. During the trial an amendment of the petition was permitted to include the charge that plaintiff worked for himself with his mother's consent. The jury was required by plaintiff's instructions to find that he had been emancipated by his mother as a condition to allowing him damages for loss of earnings. Plaintiff testified that with the knowledge and consent of his mother he had been collecting his wages and using them without interference from her.

No formal act, such as formerly attended the manumission of a slave, is required to effectuate the release of a parent's right to the earnings of his minor child. Parental affection frequently suggests giving to the son the fruits of his labor as an encouragement to industry and thrift. The idea of a formal emancipation is repugnant to the natural love existing between parent and child, and, happily, but rarely occurs to the mind of either. The law does not require persons standing in this close relation to deal at arm's length. The intention of the parent to relinquish his claim to the earnings of his child is all that is necessary, and although such intention must be clearly established, it may be inferred from conduct alone.

In addition to the fact that plaintiff was suffered to collect his wages and appropriate them to his own use, his mother acted as his next friend, was present at the trial, testified as a witness, and in every way aided her son in his effort to recover his lost earnings. It may be conceded that a *prochein ami* is not a party to the cause, acts as an officer of the court, is a species of attorney, and is not estopped by the fact alone of such appearance from afterwards asserting against defendant an individual demand of his own arising from the same tort that furnishes a basis for the minor plaintiff's cause of action. [Raming v. Railroad, 157

Mo. 490.] He is presumed, however, to be familiar with the contents of pleadings filed in behalf of plaintiff and to sanction and direct the prosecution of the claims made therein, and when he stands by without objection and permits a claim for lost earnings to be pressed on behalf of the infant plaintiff and recovery of them follows evidence showing emancipation, such next friend must be held to have surrendered voluntarily his right to such earnings.

It was proper to submit to the jury the question of plaintiff's emancipation. [Dierker v. Hess, 54 Mo. 246; Ream v. Watkins, 27 Mo. 519; In re Dunavant, 96 Fed. 542; Abeles v. Bransfield, 19 Kan. 16; Baker v. Railroad, 91 Mich. 298; Scott v. White, 71 Ill. 287; McCarthy v. Railroad, 148 Mass. 550; Shortel v. Young, 23 Neb. 408; 1 Parsons on Contracts, 352; Schouler on Domestic Relations, sec. 267 et seq.]

Another objection urged is alleged to be the lack of evidence respecting the value of plaintiff's time. Loss of earnings is a kind of damage which must be specially pleaded and proven. [Wilbur v. Railroad, — Mo. App. —; Mellor v. Railroad, 105 Mo. 462; Slaughter v. Railroad, 116 Mo. 274.] It is averred in the petition that plaintiff "has been wholly incapacitated from performing any work since said date and has, therefore, lost much time and will hereafter lose much time from work." Plaintiff testified that at the time of his injury he was receiving one dollar and fifty cents per day for his work. Up to the time of the trial of the cause he had been unable because of his injuries to perform any labor. Both allegation and proof were sufficient to support a recovery. [Wilbur v. Railroad, supra; Gurley v. Railroad, 122 Mo. 151; Mabrey v. Gravel Road Co., 92 Mo. App. 602; Gerdes v. Foundry Co., 124 Mo. 360; Smith v. Railroad, 119 Mo. 253.]

Judgment is affirmed. All concur.