Hugh Edward **CROCKETT, Respondent,**

v.

**Phillip Dean DILLON, Appellant.**

No. 23057.

Kansas City Court of Appeals.

Missouri.

April 4, 1960.

William B. Waters, Robert E. Coleberd, Hale, Coleberd, Kincaid & Waters, Liberty, for appellant.

No counsel for respondent.

BROADDUS, Judge.

This action arose from an automobile accident on June 28, 1957, north of Liberty, Missouri, at the junction of Clay County Highway C, a north and south road, with an east and west side road at what is known as the Roosterville Store.

Plaintiff in his petition alleged that he was driving in a southerly direction on Highway C, and as he approached said intersection, defendant negligently pulled out in front of him, thus causing a collision between the two vehicles. Plaintiff sought damages for personal injuries.

Defendant, Phillip Dean Dillon, filed an answer and counterclaim alleging the collision was caused by the negligence of plaintiff in that he failed to keep a proper lookout and was traveling at a high and excessive rate of speed. Defendant in his counterclaim sought damages for injuries suffered by him, and for "loss of time from his gainful employment."

The automobile driven by defendant, who was a minor, was owned by defendant's father, William Ira Dillon. Subsequent to the filing of defendant's answer and counterclaim, William Ira Dillon moved to intervene in the cause as a third party claimant, which permission was granted,

and he filed an intervening petition seeking to recover for the damages to the truck owned by him as well as the hospital and medical bills he paid in connection with the treatment of his minor son.

The issues were tried before a jury and the jury returned a verdict denying plaintiff any recovery on his petition, awarding defendant damages in the sum of $300 on his counterclaim and awarding the third party claimant damages in the sum of $537 as against plaintiff.

Thereafter plaintiff duly filed his motion for a new trial, and the trial court sustained the same, specifying as its ground therefor error in the giving of defendant's instruction No. 8 (which dealt solely with the subject of defendant's measure of damages on his counterclaim.) In granting the new trial, the motion was granted as to plaintiff's petition against defendant and on defendant's counterclaim against plaintiff, but the court overruled plaintiff's motion for a new trial insofar as the intervening petition of the third party claimant, William Ira Dillon, was concerned.

From the court's action in granting a new trial, defendant has appealed.

Instruction No. 8 mentioned above reads as follows:

"The court instructs the jury that if you find in favor of the defendant, Phillip D. Dillon, on his counterclaim, you will assess his damages at such sum as you find and believe from the evidence will fairly and reasonably compensate him for the damages he sustained. You may take into consideration any pain, if any, which defendant has suffered by reason of his injuries, if any, and directly caused thereby; loss of earnings of his labor, if any, which defendant has suffered, by reason of his injuries, if any, and directly caused thereby."

The trial court held the instruction to be erroneous for the reason defendant was a minor and the instruction permitted the jury to take into consideration the loss of earnings suffered by said minor defendant.

It is defendant, Phillip Dean Dillon's, position that the trial court erred in holding the instruction to be erroneous because under the pleadings and evidence in the case there was a clear implied emancipation by the father of said minor defendant, and a relinquishment by him of any claim as to his minor son's earnings or wages, and it was therefore proper for the trial court to give the instruction.

The evidence shows that defendant had been working in the hay fields from May 28 until the day of the accident, a period of four weeks. His work was hauling hay and he was paid "by the bale." His employer was Mr. C. W. Thomas, who owns the store at Roosterville. Mr. Thomas paid defendant an average of $40 to $45 per week. As a result of the injuries defendant sustained to his back and right shoulder he was unable to work for the balance of the summer. There was no evidence that defendant's father made any claim whatever to defendant's earnings. Nor was there any objection to any of the evidence offered by defendant having to do with defendant's earnings and the loss thereof resulting from the accident.

In an annotation appearing in 37 A.L.R. beginning at page 64 many cases are cited holding that if a parent files an action on behalf of a minor as next friend and seeks damages for loss of earnings, that joining in such petition constitutes a relinquishment by the parent of any right on his part to the child's earnings.

In a later annotation 32 A.L.R.2d at page 1083, this language appears:

"The right of parents to recover such items of damage as loss of earnings or medical expenses on account of injuries to their minor child has been held in a number of the later cases to have been lost through the estoppel of the parents, or through a waiver or relin-

quishment of such right, sometimes resulting from emancipation.

"As mentioned in the original annotation, no reason has been suggested why a parent may not thus release to the child his right to items of damage." See, also, 39 Am.Jur. 728, Sec. 83 and 67 C.J.S. Parent and Child § 43, p. 747.

Zongker v. People's Union Mercantile Co., 110 Mo.App. 382, 86 S.W. 486, was a case in which a seventeen year old boy, through his mother as next friend, filed suit for personal injuries and error was assigned in permitting the minor to recover for his loss of earnings. The court held loc. cit. 389 of 110 Mo.App., loc. cit. 488 of 86 S.W.:

"The intention of the parent to relinquish his claim to the earnings of his child is all that is necessary, and although such intention must be clearly established, it may be inferred from conduct alone.

"In addition to the fact that plaintiff was suffered to collect his wages and appropriate them to his own use, his mother acted as his next friend, was present at the trial, testified as a witness, and in every way aided her son in his effort to recover his lost earnings * * * he (next friend) is presumed, however, to be familiar with the contents of pleadings filed in behalf of plaintiff, and to sanction and direct the prosecution of the claims made therein, and when he stands by without objection and permits a claim for lost earnings to be pressed on behalf of the infant plaintiff, and recovery of them follows evidence showing emancipation, such next friend must be held to have surrendered voluntarily his right to such earnings."

Although the instant case is not one in which the father is proceeding as next friend on behalf of the minor child, the father was a party to the cause by virtue of his intervening petition. He made no objection to his minor son's seeking to recover his loss of earnings, nor did he seek to recover them on his behalf in his intervening petition. The facts in the instant case are more than adequate on which to follow the rule of waiver and estoppel and implied emancipation insofar as the parent's right to the earnings of the child is concerned.

In the case of McMorrow v. Dowell, 116 Mo.App. 289, 298; 90 S.W. 728, 730, 731, appears this pertinent language: "If a parent knows a child is working for stipulated wages, or in expectation of payment, and knows, too, that the employer and the child understand payment is to be made to the child, and interposes no objection, these circumstances are evidence for the inference that the parent's right was waived."

There is a further and more compelling reason why the father, William Ira Dillon, has waived or relinquished any claim to the wages here involved. By his failure to include in his intervening petition any claim for loss of earnings of his minor son he has forever precluded himself from a future recovery of such earnings. This conclusion springs from the settled rule of law that one is not permitted to split his claim, recover part in one action, and sue again for more. Mateer v. Missouri Pac. Ry. Co., 105 Mo. 320, 355, 16 S.W. 839; Nassif v. McBroom, Mo.App., 49 S.W.2d 1064, 1065.

The judgment is reversed and the cause remanded with directions to reinstate the verdict and enter judgment thereon.

HUNTER, P. J., concurs.

CROSS, J., not participating.