## Missouri, Kansas & Texas Railway Company of Texas v. John Flood.

Decided March 12, 1904.

**1.—Contributory Negligence—Passenger Sitting by Window.**

A passenger injured by reason of a cinder from the engine entering his eye was not guilty of contributory negligence in sitting by an open car window through which the cinder entered the car.

**2.—Passenger—Waiver of Injury in Free Pass.**

A limitation of liability, in a railroad pass, signed by the recipient of the pass, whereby he assumes all risks of accident or damage to person or property, is void as against public policy.

**3.—Carrier of Passengers—Degree of Care—Charge.**

A charge requiring a railway company to use "proper care" in keeping in repair the appliances for preventing the escape of sparks from its passenger engines does not require too high a degree of care, and the term "proper care" does not require any definition in order to prevent the jury from understanding it as requiring care in too high a degree.

**4.—Personal Injury—Damages for Lost Time.**

The fact that at the time of his injury plaintiff was not actually engaged in any employment and was not earning anything will not preclude a recovery for the value of his time lost on account of the injury, as it will not be presumed that he would not have secured employment had he not been injured.

**5.—Contributory Negligence—Care in Attending to Wound—Charge.**

Where the main charge instructed the jury that if plaintiff failed to use ordinary care to avert and lessen his injuries, and that by reason thereof they were aggravated, he could not recover for such aggravation, a special charge instructing that if plaintiff did exercise ordinary care in attending to his wound, then defendant would be responsible for same, although the jury might believe that had he pursued some other course or adopted some other measures the injury would not have resulted so seriously,—merely gave in an affirmative manner plaintiff's contention on the issue, and was not on the weight of evidence in giving undue prominence to that matter.

**6.—Carrier of Passenger—Contributory Negligence—Passenger Sitting by Open Car Window.**

A requested charge, set out in the opinion, as to negligence on the part of a passenger in sitting by an open car window, held properly refused as on the weight of evidence, and one given held to fairly submit the issue, if it can be said in any case that such an act can constitute contributory negligence.

**7.—Personal Injury—Damages—Accident Policy as Lessening Recovery.**

In an action for personal injury evidence was not admissible on the issue of contributory negligence to show that the injured person carried an accident policy which had since been paid, as this could not have the effect of reducing the compensation, if any, to which he was entitled.

**8.—Evidence—Exclusion by Oral Instruction of Court.**

Plaintiff's counsel, in the examination of certain witnesses on the trial, exhibited to them a piece of old wire netting such as is used in sparkarresters of engines and sought to have them identify it as part of the spark-arrester of the engine in question, but they did not so identify it, and the court thereupon told the jury not to consider the piece of netting at all nor the testimony in reference to it, as it was excluded. No special charge in writing was requested in reference to the matter. Held, that the presumption obtains that the jury were not influenced by the evidence.

Appeal from the District Court of Collin. Tried below before Hon. J. M. Pearson.

*T. S. Miller, Perkins, Craddock & Wall,* and *Head & Dillard,* for appellant.

*Randell & Wood* and *Garnett & Smith,* for appellee.

BOOKHOUT, Associate Justice.—This action was brought to recover damages for personal injuries sustained by appellee while a passenger on the appellant's train from Fort Worth to Denison, caused by a spark or cinder getting into his eye. There was a judgment upon the verdict of a jury for appellee on April 11, 1903, for $11,000. Defendant appealed. This is the second appeal in the cause, the first being reported in 70 S. W. Rep., 331.

*Conclusions of Fact.*—On the night of July 17, 1899, the appellee was a passenger on one of appellant's passenger trains on his way from Fort Worth to Denison. About 2 o'clock in the morning, and just after passing Pottsboro, a red-hot cinder escaped from the appellant's engine and struck the edge of the window sill and bounded into appellee's eye, and burned it so that he lost the sight thereof. Appellee at the time was riding in the car, known as the smoking car, and sitting in the front seat on the south side thereof near an open window. There were two cars, the mail car and baggage car, between the car in which he was riding and the engine. The engine was not equipped with proper appliances to prevent the escape of sparks and cinders, and in this respect the appellant was guilty of negligence, and such negligence was the proximate cause of the appellee's injury. The injury resulted in the loss of the eye, and caused the remaining eye to become affected and the sight thereof has thereby been impaired. We find the appellee was not guilty of contributory negligence in riding in the smoking car and in front of an open window, or in failing to seek medical attention and in failing to have his injured eye properly treated, and that he has suffered damages as a result of his injuries in the amount of the verdict and judgment.

*Opinion.*—There was no error in refusing to admit in evidence the condition printed on the back of the pass upon which appellee was riding, reading: "Conditions: This pass is not transferable, must be signed in ink by the holder thereof, and the person accepting and using it thereby assumes all risks of accident and damage to person or property. It will be forfeited if presented by other than the undersigned. I accept the above conditions. John Flood." Whatever may be the holding on this question in other jurisdictions the law is settled in this State that these conditions can not be enforced. Such was our holding on the former appeal, and we know of no reason for changing our ruling in this respect. 70 S. W. Rep., 331.

In the fourth paragraph of the charge the court applied the law to the facts, and instructed the jury on the law relating to the issues which

they were required to find in order to return a verdict for plaintiff. No objection is made to this charge. In giving the reverse of the proposition embraced in said paragraph, the court instructed the jury that, "if you believe from the evidence that said engine was at the time in question equipped with the best approved apparatus and appliances then in the use for the prevention of the escape of sparks or cinders therefrom, and that the defendant had exercised proper care to keep said appliances and apparatus in reasonably good repair and condition as regards the escape of cinders, then you will find for the defendant, although you may further believe that a cinder was emitted from said engine and struck the plaintiff in the eye and injured him as alleged in the petition." This charge is complained of in that the degree of care on the part of defendant with respect to keeping the appliances and apparatus in repair is stated as "proper care," and the charge does not define proper care, and it imposed too high a degree of care upon appellant. The charge is not subject to the criticism made. The jury could not have understood that by proper care the charge meant a higher degree of care than the care due by a carrier to a passenger, and this had been correctly defined. The appellee being a passenger, the appellant owed him that high degree of care to keep its engine and appliances in repair which a very prudent and cautious person would use under similar circumstances. St. Louis S. W. Ry. Co. v. Parks, 1 Texas Law Journal, 499, 76 S. W. Rep., 740. The charge as a whole submitted this issue as favorably to appellant as it was entitled to.

The charge on the measure of damages authorized a recovery by plaintiff for the reasonable value of his services for the time lost by him on account of his injuries. It is insisted that this was error for the reason that at the time of his injury appellee was not actually engaged in any employment and not earning anything. The criticism is not sound. It is argued that because he was not earning anything when injured it must be presumed that he would not have secured employment and would not have earned anything, had he not been injured. The evidence does not authorize any such assumption. It is shown that since he was injured appellee has sought employment and had been able to earn a small amount, but not as locomotive engineer.

The court, in defining the duty of appellee to care for his injuries, instructed the jury as follows: "If you find for plaintiff, and if you further find and believe that after the cinder got in plaintiff's eye he failed to use such care and means to avert or lessen his injuries as an ordinarily prudent person, situated as plaintiff was, would have used under similar circumstances, and that by such failure, if any, his injuries were aggravated or increased, then if you so find you will not allow plaintiff anything on account of such aggravated or increased injuries." Thereafter, at the request of the appellee, the court gave the following special charge: "If you find from the evidence that after being so injured, if he was, the plaintiff exercised such care in attending to his wounds and in trying to care for same as an ordinarily pru-

dent person would have done under the same or similar circumstances, then you are instructed that the defendant company would be responsible for such injuries so sustained by the plaintiff, even though you may believe that if the plaintiff had pursued some other course or taken some other measure in and about his injuries they would not have resulted as seriously as the proof may show in this case they did result."

Appellant complains of the giving of the special charge on the ground that it gave undue prominence to this issue, and is upon the weight of evidence and calculated to impress upon the jury that in the opinion of the court the appellee had exercised ordinary care in the treatment of his injuries. The main charge instructs the jury that if they find that appellee failed to use ordinary care to avert and lessen his injuries, and that by reason of such failure his injuries were aggravated or increased, they could not find for him for such aggravation or increased injuries. The special charge goes further and tells them that if appellee did exercise ordinary care in attending to his wound and in trying to care for same, then defendant would be responsible for same, although they might believe that had he pursued some other course or taken some other measure in and about his injuries they would not have resulted so seriously. The special charge gave in an affirmative manner the appellee's contention on this issue, and was not on the weight of evidence.

Complaint is made of the action of the court in refusing appellant's special charge, reading: "If you believe from the evidence that the plaintiff got a cinder in his eye while he was riding in one of the defendant's cars at night, and that at the time he had his face near to and turned toward an open window, and that a person of ordinary care would not have remained in such situation under the circumstances that plaintiff did,. and with the information he possessed as to the danger to which he was subjected from flying cinders, and that such situation proximately contributed toward causing plaintiff's injury, you will find for the defendant." The charge is upon the weight of evidence, and was properly refused. The court gave a charge submitting the issue of contributory negligence on the part of appellee in riding in the front part of the smoking car and near an open window, and instructed the jury that, "if in riding in the position and under the circumstances which you find and believe from the evidence he was riding, plaintiff was guilty of negligence, and such negligence, if any, proximately contributed to cause plaintiff's injury, to find for defendant. If it can be said in any case that a passenger can be guilty of contributory negligence in riding in a coach provided by the carrier for the carriage of passengers, then the charge of the court fairly submitted the issue.

The fact that the appellee, at the time of the injury, held a policy of accident insurance which was then in full force and which he has since collected, was not admissible in evidence, and the court did not err in so holding. This fact could not have the effect of reducing the

compensation to which the appellee was entitled for his injury, if the same was the result of negligence on the part of appellant and was not contributed to by his own negligence. Nor was the evidence admissible on the issue of contributory negligence of appellee. It was proven that the appellee had accident insurance and the amount thereof, and appellant sought to prove that he had collected the same, the contention being that the same was admissible on the issue of contributory negligence. We fail to appreciate upon what theory the evidence was admissible as tending to prove contributory negligence on the part of appellee.

Complaint is made that the court erred in permitting the plaintiff's counsel, on cross-examination of certain witnesses of defendant and on the direct examination of plaintiff, to exhibit to each of said witnesses in the presence of the jury a piece of old wire netting, similar to that used in spark-arresters of locomotives, without having identified the same as part of the spark-arresting appliances of engine No. 176, the one shown to have been pulling the train upon which plaintiff was riding when injured, because the same was immaterial and irrelevant and was not a proper matter to exhibit in the presence of the jury. The purpose of the examination of these witnesses seems to have been to identify this piece of netting as part of the same netting used in the spark-arrester of engine No. 176, at the time appellee was injured. The court announced to counsel that unless they could show the same was a part of the netting in the 'spark-arrester of said engine at the time of the accident to plaintiff, the testimony would not be admitted. After the witnesses had examined the same and failed to identify the netting as a part of that in use in the engine at said time, the court sustained the exception to the evidence and instructed the jury orally that they would "not consider the piece of netting at all, and that the piece of netting so exhibited, together with the testimony of the various witnesses that have been examined in reference to that piece of netting, is excluded from you and you will not consider it at all." The defendant made no request of the court to have the jury withdrawn while the plaintiff was seeking to have the witnesses identify the piece of netting as a part of the netting on the engine at the time of the injury, nor did the defendant request any special charge in writing in reference to the testimony, in addition to the oral instruction given at the time the court sustained the exception thereto and excluded the same from the consideration of the jury. The wire netting exhibited to the witnesses in the presence of the jury was not calculated to arouse the sympathies of the jury. These facts being shown, and the defendant having failed to request a special written charge instructing the jury to disregard the testimony, the presumption obtains that the jury were not influenced by the evidence. Smith v. Caswell, 67 Texas, 567.

The evidence was sufficient to justify the jury in finding that the defendant had failed in its duty to equip its engine with the best approved spark-arrester in general use to prevent the escape of fire, and

that such failure constituted negligence which proximately caused the injury to appellee, and that as a result of such injuries appellee has suffered damages in the amount of the verdict and judgment, and it follows that there was no error in the action of the court in overruling appellant's motion for new trial, based upon the alleged insufficiency of the evidence in these respects. These findings dispose of appellant's assignments of error numbers 11 and 12 adversely to appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.