MISSOURI, K. & T. RY. CO. OF TEXAS v. McCORMICK.

(Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1913. Rehearing Denied Nov. 13, 1913.)

1. TRIAL (§ 296*)—INSTRUCTIONS—CONSTRUCTION TOGETHER.

In an action against a carrier for personal injuries, a charge that assumed that defendant's employés, after the train had passed the station, stopped it and caused plaintiff's wife to leave it, when considered with another part of the charge requiring the jury to find for plaintiff, if she was negligently carried to a point beyond the station and there induced to leave the train, was not objectionable as a charge on the weight of evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec.Dig. § 296.*]

2. TRIAL (§ 191*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action against a carrier for personal injury, a charge for plaintiff that "if you find from the evidence that, after plaintiff's wife was so injured, if she was," she procured such remedies and took such treatment as an ordinarily prudent person would have done under the circumstances, or if such remedies and treatment, if any, had the same effect that proper treatment from a competent physician would have had, then defendant would be liable for such injury and those consequences (if any) even if, had she taken some other means, her injuries, if any, would not have resulted so seriously as the proof may show they did, was not objectionable as a charge on the weight of evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. TRIAL (§§ 242, 243*)—INSTRUCTIONS—CONFUSING OR MISLEADING.

Such charge was not objectionable as being contradictory, misleading, or confusing.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 564, 565, 569–576; Dec. Dig. §§ 242, 243.*]

4. DAMAGES (§ 62*)—DUTY OF PERSON INJURED TO REDUCE DAMAGES.

Where plaintiff's wife while a passenger on defendant's road was injured and took such means as an ordinarily prudent person would have taken to avoid the consequences of such injury, he was not to be denied a recovery because the jury might believe that, if some other means had been resorted to, the consequences would not have been so serious.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 119–131; Dec. Dig. § 62.*]

5. CARRIERS (§ 348*)—PERSONAL INJURIES—INSTRUCTIONS—CONFORMITY TO ISSUES.

Where plaintiff's wife and her father both testified, without contradiction, that as the train approached the station she prepared to leave the train and was ready with her children to leave it when it reached the station, the issue as to care on the part of plaintiff's wife in preparing to leave the train as it approached the station was not in the case, so as to require a charge thereon.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1405; Dec. Dig. § 348.*]

6. APPEAL AND ERROR (§ 1058*) — HARMLESS ERROR—EXCLUSION OF EVIDENCE.

The exclusion of evidence sought to be shown by a certain witness, if erroneous, was harmless, where the witness, in answering other questions, testified substantially as he would have testified in answering that question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by J. J. McCormick against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Evans & Carpenter, of Greenville, for appellee.

WILLSON, C. J. This appeal is from a judgment against appellant, in favor of appellee, for $5,000, the sum he was entitled to because of personal injuries suffered by his wife, without fault on her part, as a result of negligence on the part of appellant in failing to stop its train at the station to which she was a passenger, for a length of time reasonably sufficient to enable her to alight therefrom, and in carrying her to a point beyond said station and causing her there to leave said train.

[1] In his charge the court told the jury, other conditions specified concurring, to find for appellee (unless they found for appellant in compliance with instructions given them in another portion of the charge), in the event, and not otherwise, they believed appellant negligently failed to stop its train at the station for a time reasonably long enough to enable her to alight therefrom, and further believed that appellee's wife was negligently carried to a point beyond the station and was induced there to leave the train. In the other portion of the charge referred to the court told the jury to find for appellant if they believed "the train," quoting, "was stopped at the station a reasonably sufficient time for plaintiff's wife to have gotten off the train with her children and baggage, by the exercise of ordinary care," or if they believed appellant's servants, "after learning that she (appellee's wife) was still on the train (if she was), exercised ordinary care for her safety in thereafter stopping the

train and causing her to leave or alight therefrom." It is insisted that the portion last quoted of the charge was on the weight of the testimony, in that the court assumed therein as facts established, whereas they were controverted, that appellee's wife was on the train after it passed the station and that appellant's servants stopped the train at a point beyond the station and caused her then to leave same. As to the criticism of the instruction that in it the court assumed that appellee's wife was on the train after it passed the station, it plainly is not well founded, for the instruction contains no such assumption. And even if it should be said to be subject, when considered alone, to the charge that in it the court assumed that appellant's employés, after the train had passed the station, stopped it and caused appellee's wife to leave it, we think it would not be a reason why, when considered with reference to other parts of the charge, the judgment should be set aside. As we have seen, another portion of the charge required the jury, before finding for appellee, to believe from the testimony that his wife was negligently carried to a point beyond the station and was induced there to leave the train. Being required so to believe, it is not at all likely the jury construed the portion of the charge objected to as meaning what appellant contends it meant. Railway Co. v. Carter, 71 S. W. 74; Railway Co. v. Douglas, 73 Tex. 325, 11 S. W. 333; Railway Co. v. Chambers, 17 Tex. Civ. App. 487, 43 S. W. 1090; Railway Co. v. Scott, 30 Tex. Civ. App. 496, 71 S. W. 26.

[2-4] At appellee's request the court instructed the jury as follows: "If you find from the evidence that, after plaintiff's wife was so injured (if she was), she procured such remedies and took such treatment as an ordinarily prudent person, situated as she was, and under the circumstances, would have resorted to, or if you find from the evidence that the remedies and treatment (if any) which she did take relieved her pain and prevented miscarriage and had the same effect proper treatment from a competent physician would have had, then in either of said events the defendant company would be responsible for such injuries and their consequences (if any) so sustained by plaintiff's wife, even though you may believe that if she had pursued some other course, or taken some other measure, for her said injuries (if any), they would not have resulted as seriously as the proof may show in this case they did result." The instruction is attacked as erroneous, because, as asserted, on the weight of the evidence, in that in it the court assumed that appellee's wife was injured as alleged in his petition, and because, as further asserted, it was "contradictory, misleading, and confusing." The contention made that it was on the weight of the evidence is based on the language "if you find from the

evidence that after plaintiff's wife was so injured," ignoring the words following same, to wit, "if she was." As these words cannot be ignored, and as, if they are not, the instruction clearly is not, in the particular specified, on the weight of the testimony, the contention must be overruled. And we think the charge that the instruction was "contradictory, misleading, and confusing" also is without merit. The meaning of the court was not as clear as it should have been made, but we think the jury must have understood him to mean that if appellee's wife was injured as claimed, and resorted to such means as an ordinarily prudent person would have resorted to to avoid the consequences which followed such injury, he was not be be denied a recovery because the jury might believe if other means had been resorted to the consequences would not have been so serious. And that, as we understand it, is the law. Railway Co. v. Flood, 35 Tex. Civ. App. 197, 79 S. W. 1107.

[5] Appellant requested the court to charge the jury as follows: "If you believe defendant's train on which plaintiff's wife was a passenger stopped at the station of Celeste a time, reasonable under the circumstances, for passengers to leave the train and alight upon the platform, and if you further believe that plaintiff's wife knew when the train was approaching Celeste, and when the train stopped at Celeste, and that she failed to exercise such care to prepare to leave the train and to leave the train as would have been exercised by a person of ordinary care and prudence under the circumstances, and if you further believe that such failure of plaintiff's wife to exercise such care as a person of ordinary caution and prudence would have exercised under the circumstances to prepare to leave the train, or to leave the train, if she did not exercise such care, caused or contributed to her injuries, if any, then and in that event plaintiff's wife was guilty of negligence, and plaintiff is not entitled to recover in this suit, and you should return a verdict for the defendant." The court refused to so charge the jury, and his refusal is made the basis of appellant's third assignment of error. The assignment will be overruled. In his main charge the court told the jury to find for appellant if they believed the train "was stopped at the station a reasonably sufficient time for plaintiff's wife to have gotten off of same with her children and baggage, by the exercise of ordinary care," and the testimony did not make an issue as to care on the part of appellee's wife in preparing to leave the train as it approached the station. Appellee's wife and her father, who was traveling with her, both testified that as it approached the station she prepared to leave the train, and was ready with her children to leave it when it reached the station. Their testimony is not in any manner controverted by anything in the record.

We do not think the judgment should be reversed because of the portions of the argument of appellee's attorney to the jury, complained of as improper, because not warranted by the testimony and calculated to prejudice the jury in appellee's favor. Therefore the fourth, fifth, sixth, seventh, and eighth assignments are overruled.

[6] The action of the court in refusing to permit the witness Howell to answer the question propounded to him by appellant, set out in the ninth assignment, if erroneous, was harmless, because the witness in answering other questions propounded to him testified substantially as he would have testified in answering that question.

The only other objection urged to the judgment is one attacking it as excessive. It is insisted that the sum found by the jury was so large as to indicate that they were influenced by passion and by prejudice against appellant. But if appellee's wife was as seriously injured, as the result of appellant's negligence, as the testimony indicated she was, we cannot say that the sum awarded by the jury was excessive. Whether that testimony was true or not was for the jury to determine. They thought it was true. On the record as it has reached us we think their finding should not be set aside by us.

A reversible error not being shown, the judgment is affirmed.