### WICHITA FALLS, R. & FT. W. R. CO. v. BAKER. (No. 1344.)

(Court of Civil Appeals of Texas. El Paso. May 18, 1922. Rehearing Denied June 22, 1922.)

1. Carriers ⬤⟾316(5)—Presumption of negligence as a fact arises on derailment after collision on side track.

Where a passenger train collides with a freight on a side track and is derailed, a presumption of negligence arises as a fact.

2. Carriers ⬤⟾321(23)—Affirmative defense that some one for whom the carrier was not responsible threw a switch, causing derailment, should be submitted to the jury.

In an action by a passenger for injuries from a passenger train's going on a side track and being derailed, on defendant's setting up the defense that some one for whom defendant was not responsible threw a switch, a special charge on this theory should have been given on request.

3. Trial ⬤⟾250—Refusal to give instruction on an issue not pleaded and on which there was no evidence not error.

In an action by a passenger against a carrier for personal injuries, where the passenger claimed permanent injury only to her knee and submitted no evidence of other injuries, refusal of an instruction that there was no evidence tending to show permanent injuries to the other part of the body was not error.

4. Trial ⬤⟾251(8)—Refusal of charge based on no issue of pleadings not error.

In an action by a passenger against a carrier for personal injuries, where no issue of negligence of a doctor in treating the passen-

ger's knee for which defendant was responsible was raised by the pleadings, refusal of a charge that there was no evidence of negligence on the part of any doctor's treatment of plaintiff's knee for which defendant was responsible was not error, though there was evidence tending to show such negligence, which would have been excluded on timely objection.

5. Damages ⬤⟾216(8)—Evidence in action for personal injuries held sufficient to include loss of time in charge.

In an action by a passenger against a carrier for personal injuries, evidence of the value of time lost by the passenger held sufficient to include it as an element of recovery in the charge.

6. Damages ⬤⟾216(3)—Instruction as to damages for personal injuries held not to permit double recovery.

In an action by a passenger against a carrier for personal injuries, an instruction that if the jury found for plaintiff to allow such an amount as would be a fair and reasonable compensation for the injuries, and that in estimating the damages the jury might consider physical and mental suffering and the reasonable value of the loss of plaintiff's time, and if the injuries were permanent to take those facts into consideration, was not erroneous as permitting a double recovery, since the second part of the instruction simply enumerates specifically the grounds to be considered in assessing the damages, and does not instruct the jury to consider any diminished capacity to earn in the future by reason of a permanent injury.

7. Carriers ⬤⟾321(21)—In suit for injuries to passenger instruction held not to shift burden of proof.

In suit by a passenger for injuries, an instruction that the burden of proof was on plaintiff to make out her case by a preponderance of the evidence, and if the jury did not believe defendant liable by a preponderance of the evidence to find for defendant, was not erroneous as shifting the burden of proof to defendant.

8. New trial ⬤⟾104(3)—Newly discovered evidence held sufficient to authorize.

In an action by a passenger against a carrier for personal injuries, evidence by a person on the train at the time of the accident, which was not discovered till after the verdict, that plaintiff had said at the time of the accident that she was not hurt, and had been able to move about after the accident without any signs of injury, though cumulative, was sufficient to secure a new trial.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by Mrs. Edna Baker against the Wichita Falls, Ranger & Fort Worth Railroad Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jno. F. Evans, of Breckenridge, and Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellant.

E. W. Bounds, of Fort Worth, and Hill & Roberts, of Breckenridge, for appellee.

HARPER, C. J. This is an appeal from a judgment for $6,500 in favor of plaintiff and against the Wichita Falls, Ranger & Fort Worth Railroad Company for personal injuries alleged to have been sustained by her while a passenger on one of defendant's trains, as follows: That through the gross negligence of defendant, its agents, etc., the train upon which she was riding took the side track and collided with another train; that by reason of the impact she was violently thrown against the seat in front of her, and out into the aisle and injured in and about her head, back, knee, etc. Defendant's answer consists of general demurrer, general denial; that it was not guilty of any negligence, but that some one, for whom it was not responsible, threw the switch as the train was approaching the side track where the collision occurred. The cause was submitted to a jury upon general charge, and resulted in a judgment as above indicated.

[1, 2] The first two propositions are that the court erred in submitting the case to the jury because the plaintiff, only, testified that she was on this train as a passenger, and that it collided with one of appellant's freight trains, thus making out simply a prima facie case, and that this was overcome by appellant's testimony, and next that the evidence is such that the overwhelming weight and preponderance thereof is against the finding of negligence, and for that reason the court should have granted a new trial, etc. Neither of these propositions are well taken, for the reason that there is a presumption of negligence as a fact in cases like this, where the derailment is undisputed, but the evidence of defendant as to its negligence does not so preponderate as to call for a peremptory instruction in its favor, but it is sufficient to raise the issue, and by the fourteenth assignment the appellant urges reversible error because the court refused to submit defendant's special charge upon the question of whether the switch was thrown by some one for whom the defendant was not responsible. This is pleaded as an affirmative defense, and, there being affirmative testimony introduced by defendant which tended to meet the prima facie case of the plaintiff, this special charge should have been submitted upon request, because the issue is not affirmatively submitted on behalf of defendant in the main charge. Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930; Dowdy v. Southern Traction Co. (Tex. Com. App.) 219 S. W. 1092.

[3] The court did not err in refusing to give the following special charge:

"You are instructed that there is no evidence tending to show any permanent injuries to plaintiff's right arm, back, spinal column, head and neck, and you will so find in arriving at your verdict."

The only evidence concerning this matter was plaintiff's, and she stated that she had recovered from all such injuries, and she had so alleged in her petition, and only claimed permanent injuries to her knee. The jury certainly did not consider an issue not pleaded and about which there was no evidence.

[4] The twelfth and thirteenth are that it was error for the court to refuse to charge the jury that there was no evidence of any negligence upon the part of any doctor's treatment of plaintiff's knee for which appellant was responsible. There is no issue of this nature raised by the pleadings. There is evidence tending to show such, but this would have been excluded upon proper objections thereto by defendant, but it was admitted without objection.

[5] The seventh and eighth urge that there was no evidence of value of loss of time, therefore the court should have charged the jury not to consider loss of time as an element of damages. She testified that she was a qualified stenographer. Had refused $100 per month, and was capable of making $200 per month. This is sufficient to authorize the court to include it as an element of recovery in his charge. M., K. & T. Ry. Co. v. Vance (Tex. Civ. App.) 41 S. W. 167; M., K. & T. Ry. Co. v. Flood, 35 Tex. Civ. App. 197, 79 S. W. 1106.

[6] Paragraph 7 of the main charge reads:

"If you find for the plaintiff under the instructions given you, you will allow her such an amount of money by way of damages, as you believe if paid now will be a fair and reasonable compensation to her for the injuries, if any you find, she sustained on the occasion in question. In estimating the damages, if any, you will take into consideration the physical and mental suffering, if any, undergone by reason of her said injuries to this time, by reason thereof, and the reasonable value of the loss of time, if any, * * * since the date of the accident to the present time, and if you find that the plaintiff's injuries are permanent, then you will take these facts into consideration in estimating the damages."

This charge is attacked as reversible error, first, because it permits a double recovery; that it is in two sections, and the first covers all of the elements of damages necessary to be considered by the jury in estimating damages, and that the second section specifically mentions the physical and mental suffering up to the time of the trial and the loss of time and the diminished capacity to earn money in the future. It is not susceptible of that construction, for the first section mentions none of the elements properly to be considered by the jury, and the second

simply enumerates or names them specifically and it does not charge them to consider any diminished capacity to earn money in the future by reason of any permanent injury, but only that they should consider the fact that she had a permanent injury.

[7] The charge on the burden of proof reads:

"The burden of proof is upon the plaintiff to make out her case by a preponderance of the evidence, and if you do not believe by a preponderance of the evidence that defendant is liable, then you will find for the defendant."

The appellant says this charge put the burden of proof upon the defendant to show that it was not liable; in other words, shifted the burden of proof to defendant. We do not think the jury could reasonably have understood it that way, for, logically, it merely meant that they should return a verdict for the defendant if they believed the plaintiff had failed to meet the burden. McIndoo et al. v. Wood et al. (Tex. Civ. App.) 162 S. W. 488.

We have passed upon the questions presented predicated upon the defects in the charge of the court and failure to submit special requested charges with a view to a retrial of this cause. The failure to give the special requested charge upon the affirmative defense and the failure to grant a new trial for newly discovered evidence are both reversible error.

[8] After the jury had returned their verdict one Wilson made an affidavit in substance and to the effect that he was on the train at the time of the collision; that he saw plaintiff immediately after the collision walking around in the car, and that she did not appear to be hurt, and that she twice declared, in answer to questions, that she was not hurt; that she was active in moving around about the wreck, asking people if they were hurt, etc.; that he had not seen her since that occasion until he happened to step into the court while this case was being tried and recognized her; that he detailed the facts enumerated to the agents of defendant after the verdict; that he had not done so before, etc.

The test question in this case is as to whether the appellee was in fact in any manner injured by the collision, and, if hurt in any way, whether such injury was the direct and proximate cause of the injury to her knee which existed at the time of the trial. The woman nurse and the doctors who examined her immediately after the collision, and next day, all testified that there were no evidences of any injuries, no bruises upon any part of her body, etc., and the physician's testimony is direct and positive that the condition of her knee and her other physical condition were the direct result of infection from a known disease, and, though the record discloses that several physicians and nurses examined her and participated in her treatment, not one is placed upon the witness stand to testify to the contrary. The appellee suggests that this evidence is cumulative, and therefore the court was justified in refusing a new trial. In a sense this is true, but it is the only testimony other than the appellee's, as to her actions, conduct, and statement immediately following the collision, and the appellant is entitled to have the benefit of it before the jury that finally passed upon the merits of this case. Lancaster v. Settle (Tex. Civ. App.) 204 S. W. 772; Huggins v. Carey, 108 Tex. 358, 194 S. W. 133.

Reversed and remanded.