ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. S. R. PARKS.

Decided November 4, 1905.

1.—Definition of Negligence Approved.

The court charged the jury: "Negligence, as applied to railway companies engaged in the transportation of passengers, is a failure to exercise such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them as would be used by very cautious, prudent and competent persons under the same or similar circumstances." Held, correct.

2.—Defective Spark Arrester.

Evidence that sparks and cinders from the size of a pinhead to that of a pea escaped from the engine and injured plaintiff in the tenth car from the engine made a prima facie case of negligence against defendant.

3.—"Proper Care"—Charge.

The court instructed the jury that if they believed from the evidence "that the defendant had exercised *proper care* to keep said appliances in reasonably good repair and condition, and that the agents and servants exercised *proper care* in the operation and handling of said engine," etc. The jury having been

previously instructed as to the degree of care imposed upon the defendant could not have misunderstood the expression *proper care.*

#### 4.—"Ordinary Prudent Person."

The expressions "ordinary prudent person" and "person of ordinary prudence" mean the same, and define the same degree of care.

#### 5.—Transfer of Judgment—Art. 4647, Revised Statutes, construed.

When a judgment, which has been sold or assigned, is reversed by an Appellate Court, the parties to the suit are relegated to their respective rights and liabilities as they existed prior to the judgment.

Appeal from the District Court of Hunt. Tried below before Hon. R. L. Porter.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellant.— The evidence shows conclusively that the engine from which the sparks are alleged to have escaped was new and was equipped with the most generally used spark arrester, the same being the Standard spark arrester used by most of the railroads in the United States and there was not a scintilla of evidence tending to show that the spark arrester was not in good repair or that the engine was not carefully handled on the occasion of the alleged accident. Chandler v. Meckling, 22 Texas, 42; Missouri, K. & T. Ry. v. Carter, 68 S. W. Rep., 159; St. Louis S. W. Ry. v. Parks, 76 S. W. Rep., 740.

That the court erred in its definition of negligence quoted in the opinion: International & G. N. Ry. v. Halloren, 53 Texas, 53; International & G. N. Ry. v. Welch, 86 Texas, 203; Missouri, K. & T. Ry. v. Scarborough, 51 S. W. Rep., 356; 2 Shear. & Red. on Neg., sec. 496.

That the court erred in the paragraph of its charge quoted in the opinion and complained of in the fifth assignment of error. Missouri, K. & T. Ry. Co. v. Carter, 68 S. W. Rep., 159; St. Louis & S. W. Ry. Co. v. Parks, 76 S. W. Rep., 740; International & G. N. Ry. Co. v. Welch, 86 Texas, 203; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Texas & Pac. Ry. Co. v. Wisenor, 66 Texas, 674; Texas & Pac. Ry. Co. v. McCoy, 31 S. W. Rep., 304.

That the court erred in overruling appellant's fourteenth assignment of error discussed in the opinion. Houston & T. C. Ry. v. Smith, 77 Texas, 179.

*Evans & Elder,* for appellee.—That the definition of negligence given by the court was correct. Missouri, K. & T. Ry. Co. v. Flood, 9 Texas Ct. Rep., 830; International & G. N. Ry. v. Clark, 10 Texas Ct. Rep., 312.

Against appellant's fourteenth assignment of error, cited: San Antonio Gas Co. v. Robertson, 55 S. W. Rep., 347; Fort Worth & D. C. Ry. v. Partin, 8 Texas Ct. Rep., 266; City of Austin v. Ritz, 72 Texas, 402; Austin & N. W. Ry. v. Beatty, 73 Texas, 592.

Against appellant's fifteenth assignment of error, cited: International & G. N. Ry. v. Garcia, 75 Texas, 583; Campbell v. McCoy, 23 S. W. Rep., 34.

Against appellant's seventeenth assignment of error they cited: Art. 4647, Rev. Stats.; Sinclair v. Stanley, 7 S. W. Rep., 517; Rev. Stats., art. 1265; Waggoner v. Snody, 11 Texas Ct. Rep., 36.

BOOKOUT, ASSOCIATE JUSTICE.—S. R. Parks brought this suit against the St. Louis Southwestern Railway Company of Texas to recover damages on account of personal injuries alleged to have been occasioned by sparks and cinders getting in his eyes while he was a passenger on one of the company's trains. The defendant pleaded the general issue and specially denied the negligence charged against it and also pleaded negligence on the part of the plaintiff in failing to have his injuries properly treated. A jury trial resulted in a judgment for the plaintiff for $2,875.

Defendant appealed. This is the second appeal of this cause. On the first appeal the cause was transferred to the Fourth District and the judgment of the trial court there affirmed, 73 S. W. Rep., 439. A writ of error was granted by the Supreme Court and for an error in the Court's charge the judgment was reversed. 8 Texas Ct. Rep., 452.

*Conclusions of Fact.* S. R. Parks, on the 20th of December, 1900, while a passenger on one of appellant's trains, as it approached Texarkana from the west, was injured by sparks and cinders escaping from the engine pulling the train, causing the loss of his right eye and serious injuries to the left eye. Parks had left his seat and gone to the front of the car to get a drink of water when the door of the car was opened, through which sparks and cinders entered, striking appellee in his face and eyes. In deference to the verdict we find that the engine was not equipped with the most approved spark arrester in general use to prevent the escape of sparks and cinders, and that the agents and employes of appellant did not use proper care to keep the same in repair and they did not use care in the operation of its engine to prevent the escape of sparks and cinders; and appellee's injuries are the proximate result of its negligence in these respects, and that as a result he sustained damage in the amount found by the jury.

*Conclusions of Law.* In its first assignment of error appellant complains of the action of the court in overruling its motion for new trial because it insists "the verdict of the jury is contrary to the evidence in that the great weight and overwhelming preponderance of the evidence is to the effect that the plaintiff did not get any cinders in his eyes and was not injured as alleged in his petition or as testified to by him. That the great weight and overwhelming preponderance of the evidence is to the effect that the plaintiff's eyes have always been sore and defective; that the same was due to hereditary causes and natural diseases; that by reason thereof the sight of his right eye was practically lost and that of his left eye somewhat impaired."

The second assignment presents substantially the same contention. The evidence as to whether appellee was injured at the time and in the manner alleged by him was conflicting. It was the peculiar prov-

ince of the jury to settle this conflict and determine the issue. They found the issue in favor of the appellee. There is ample testimony in the record to sustain their finding and hence appellant's contention presented in its first and second assignments is overruled.

Error is assigned to the following definition of negligence, given by the court in his charge: "Negligence, as applied to railway companies, engaged in the transportation of passengers, is a failure to exercise such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them as would be used by very cautious, prudent and competent persons under the same or similar circumstances." It is contended that this is not a correct statement of the law under the facts of this case, and that this charge states the same in the strongest possible terms in favor of plaintiff, and in an argumentative form. We think this charge states the law, and correctly defines negligence as applied to the duty owed by a carrier to its passengers. International & G. N. Ry. Co. v. Halloren, 53 Texas, 53; International & G. N. Ry. Co. v. Welch, 86 Texas, 203. It is substantially the same as the charge approved by the Supreme Court in the Halloren case, except that it omits to state that railroads are not insurers of the safety of its passengers. There is nothing in this charge from which the jury could have inferred that railroads are the insurers of the safety of passengers. The charge instructed the jury that it was the duty of defendant to use such high degree of foresight as to possible dangers, and such high degree of prudence in guarding against them as would be used by very cautious, prudent and competent persons under the same circumstances. It does not tell them that the defendant was required to absolutely guard against all possible dangers, but to use such care and prudence as would be used by very cautious, prudent and competent persons under the same or similar circumstances.

The court at the request of defendant gave its special charge No. 6, instructing the jury, "That the defendant did not by accepting plaintiff as a passenger on its train, become an insurer of his safety. It was only bound to use that high degree of care which would have been used by very cautious, competent and prudent persons under the circumstances and if it used such care and notwithstanding that fact sparks and cinders escaped from its engine and got into and injured plaintiff's eyes then the plaintiff is not entitled to recover and you should find a verdict for defendant." This charge, taken in connection with the main charge, fully measures up to the rule in the Halloren case.

Complaint is made of the fourth paragraph of the main charge which reads: "Therefore, if you believe from the evidence, that on the 20th day of December, 1900, plaintiff purchased a ticket from defendant, which entitled him to become a passenger on defendant's cars from the city of Greenville, Texas, via Texarkana, to Cairo, Illinois, and that after purchasing said ticket he boarded one of defendant's trains and was received as and became a passenger thereon to be transported to Cairo, Illinois, and that when said train had reached a point near Texarkana, that plaintiff was standing near the door of the coach in which he was riding, and if you further find that while he was so standing, if he was standing, that the door of the coach was opened and cinders or sparks were emitted from the defendant's engine pull-

ing said train, and struck plaintiff in his eyes and injured him as alleged in his petition." This charge is assailed as erroneous in that the plaintiff having alleged that the accident was caused by the conductor opening the door of the car, it was error for the court to ignore such allegation in his charge to the jury and authorize a recovery by plaintiff upon a state of facts not alleged in the petition. This contention was overruled by the Court of Civil Appeals for the Fourth District on the former appeal of this case. 73 S. W. Rep., 440. The court held that this allegation in the petition was not one of substance, but merely a matter of inducement and it was not necessary to establish it or submit the issue to the jury. This holding was not in any way disaffirmed by the Supreme Court when it reversed the cause, 76 S. W. Rep., 740.

The fifth assignment assails the following paragraph of the court's charge: "And if you further believe from the evidence that the defendant had negligently failed to equip said engine with proper and suitable appliances for the prevention of the escape therefrom of cinders or sparks, or that the defendant negligently failed to have said appliances in reasonably good repair and condition as regards the escape of cinders or sparks therefrom, or if you believe from the evidence that the agents and servants of defendant, in charge of said engine, negligently operated and handled said engine at the place where plaintiff alleges he was injured, and if you believe that the negligence, if any you find there was on the part of the defendant in either respect above mentioned, was the proximate cause of the injury, if any, sustained by plaintiff, and that his injuries, if any, were not proximately contributed to by negligence on his part, then you will find for plaintiff, and assess his damages under the instructions hereinafter given." It is contended that this charge is erroneous in that, it is not a correct statement of the law and at the same time did not apply the law to the facts of the case, but simply required of the jury findings upon certain legal conclusions; and because the same authorized a finding by the jury that the defendant was negligent in not having the spark arrester in good repair or that its employes were negligent in the operation of the engine when there was no evidence whatever authorizing such finding or tending to show negligence on the part of defendant in either respect. This charge announced a correct proposition of law and properly applied the same to the facts.

The contention that the charge is erroneous in authorizing a recovery by plaintiff if defendant negligently failed to have its appliances for preventing the escape of sparks in reasonably good repair and condition for that there was no evidence tending to show that the spark arrester was not in good repair and condition at the time of the injury, is not sustained by the record. There was evidence tending to show that hot sparks and cinders did escape from the engine and that they came in contact with plaintiff's eyes and injured them. At the time plaintiff was riding in the tenth car from the engine.

Evidence that sparks and cinders from the size of a pin head to that of a pea escaped from the engine and injured plaintiff, made a prima facie case of negligence on the part of defendant. This evidence raised the issue that the appliances for the prevention of the escape of sparks

and cinders was defective; that if a sufficient spark arrester had originally been provided for the engine the same had not been kept in repair, or that the engineer was negligent in handling the engine.

At the request of defendant the court gave the following special charges requested by it: "The defendant is not liable herein even if sparks or cinders escaped from the engine and got into plaintiff's eyes and injury resulted therefrom, unless the escape of sparks and cinders and the consequent injury to plaintiff was occasioned by the negligence of the defendant or its employes. And in determining whether there was negligence you will be governed by the rules of the law stated in the main charge and in the special charges given you."

"Before the plaintiff is entitled to recover herein he is bound to show first: that the sparks or cinders escaped from defendant's engine and got into his eyes; second: that injury resulted to plaintiff therefrom, and third: that the escape of sparks and cinders and the consequent injury to plaintiff was due to the negligence of the defendant or its employes. The burden of proof is upon the plaintiff to establish each and all of these propositions by a preponderance of the evidence, which means the greater weight of credible testimony. Unless he has done this he is not entitled to recover and you should return a verdict for the defendant."

"The mere fact of an accident does not entitle plaintiff to recover, and you must believe from the evidence that defendant was guilty of negligence, as elsewhere explained, at the time and place and in the manner alleged by him, otherwise, you should find a verdict for the defendant."

"Under the law the defendant was authorized to draw the train on which the plaintiff was a passenger with a locomotive propelled by steam generated by fire. The uncontroverted evidence shows that men of the highest skill have been unable to so construct a locomotive which is propelled by steam generated by fire that will absolutely prevent the escape of sparks or cinders and at the same time generate sufficient steam to do the work required of it. Therefore, the plaintiff, when he took passage on defendant's train assumed the risks of injury, if any, from sparks or cinders that might escape from the said locomotive provided the same was equipped with such appliances for preventing the escape of sparks or cinders as are in common use by railway companies that are managed and operated by very cautious, competent and prudent persons, and provided further that the defendant had used the care in the inspection of the engine and in keeping the same in repair that such persons would have used, and provided further that at the time of the accident the engine was handled in the manner that such persons would have handled it."

These special charges taken in connection with the main charge fully and fairly submitted to the jury this phase of the case as favorably for the defendant as the law required.

Error is assigned to the following paragraph of the charge: "But if you believe from the evidence that the defendant had exercised the degree of care as defined in the first section of this charge, to equip said engine with appliances for the prevention of the escape of sparks and cinders therefrom, and that the defendant had exercised proper

care to keep said appliances in reasonably good repair and condition and that the agents and servants exercised proper care in the operation and handling of said engine, then you will find for the defendant, although you may further believe that the cinders or sparks were emitted from said engine and struck plaintiff in his eyes and injured him, as alleged in his petition." This charge is assailed as erroneous in that it did not define what would constitute "proper care" in the matter of keeping the appliances in reasonably good repair and condition, and in submitting to the jury issues of fact not raised by the evidence. The degree of care imposed upon the railway company in keeping its appliances for the prevention of the escape of sparks and cinders in reasonably good repair for the safety of its passengers is that high degree of care which would be exercised by very cautious, competent and prudent persons under the same or similar circumstances. St. Louis & S. W. Ry. Co. v. Parks, 76 S. W. Rep., 742. The jury had been instructed as to this degree of care and they could not have understood by the use of the expression "proper care" that a higher degree of care was meant than the care due from a carrier to its passengers. It is clear that appellant was not injured by the use of the expression "proper care" in this paragraph of the charge. We have held above that the evidence was sufficient to raise the issue as to whether the appellant had used proper care to keep its appliances for preventing the escape of sparks and cinders in reasonably safe repair.

The eighth, ninth, tenth, eleventh, twelfth and thirteenth assignments complain of the court's action in refusing certain special charges. Neither of these assignments is well taken. These charges so far as applicable to the case were covered by the main charge and other special charges asked by the appellant and given by the court.

The fourteenth assignment complains of the following paragraph of the charge: "Negligence, as applied to a passenger, is the failure to exercise ordinary care for his own safety, that is, such care as an ordinary, prudent person would have exercised under the same or similar circumstances." It is contended that this charge is not correct in that it does not require of the passenger the use of such care as a person of ordinary prudence would have exercised. The criticism is not sound. The jury could not have inferred that the expression "such care as an ordinary prudent person" meant other than such care as a person of ordinary prudence would have exercised. San Antonio Gas Co. v. Robinson, 55 S. W. Rep., 347; Ft. Worth & D. C. Ry. Co. v. Partin, 8 Texas Ct. Rep., 266. These expressions define the same degree of care and the jury could not have been misled by the charge.

The fifteenth assignment assails the following paragraph of the charge: "Contributory negligence is such negligence on the part of the plaintiff as, concurring with the negligence of the defendant, proximately contributes to cause the injury complained of." It is contended that this charge is erroneous and not applicable to the issue of negligence on the part of plaintiff in failing to use due care in the treatment of his injuries. Contributory negligence to prejudice a recovery must concur with a negligent act or omission of defendant and proximately contribute to cause the injury. International & G. N. Ry. Co. v. Garcia, 75 Texas, 583. The charge announced a correct proposition,

and if applicable to the issue of negligence on the part of plaintiff raised by the pleading and evidence, then it was not error to submit it. The plea of contributory negligence is in substance that if plaintiff got cinders in his eyes and thereby sustained injury he could by the use of ordinary care and caution and trifling expense, have had said cinder removed, all of which he failed to do. The court had defined negligence and contributory negligence, as above stated, and thereafter instructed the jury as follows: "Again, if you believe from the evidence that cinders or sparks were emitted from said engine and struck plaintiff in his eyes and injured him, yet if you believe from the evidence that he failed to use such care and means to arrest or lessen his injuries as an ordinarily prudent person, situated as plaintiff was, would have used under similar circumstances, and that by such failure, if any, his injuries were aggravated or increased, then, if you so find, you will not allow the plaintiff anything on account of such aggravated or increased injuries." The charge complained of was correct and taken in connection with the entire charge was applicable to the case.

The sixteenth assignment complains of the admission in evidence of the testimony of E. W. Harrison relating to the transfer to him by plaintiff of the former judgment in this case. The plaintiff recovered a judgment in this case in June, 1902, and on March 20, 1903, the plaintiff transferred to E. W. Harrison his one-half interest in said judgment. He had previously transferred a one-half interest in his cause of action against defendant to his attorneys. Defendant read in evidence the written transfer from plaintiff to E. W. Harrison of "my one-half interest in the judgment rendered in my favor." Thereupon the plaintiff introduced said Harrison and asked him what interest he had in the cause of action herein being tried? To this question the defendant objected on the ground "that the transfer itself showed the interest." The objection was overruled and the witness answered that he had no interest in the cause of action or in the judgment that might be obtained on the trial. The trial judge approved the bill of exception with the following explanation: "The defendant was contending before the court and jury that Harrison had an interest in the suit and this testimony was admitted in rebuttal to that contention. The defendant's counsel on cross-examination of plaintiff had endeavored to show that Harrison had an interest in the case being tried and it was in rebuttal of this testimony that Harrison's evidence was admitted; besides, the instrument did not show on its face that Harrison had any interest in the cause of action, and the testimony did not contradict the terms of said instrument." We are of the opinion that there was no error in admitting the evidence.

The seventeenth assignment complains of the court's refusal to give the following special charge: "The transfer from plaintiff to E. W. Harrison of the judgment formerly recovered by the plaintiff in this case, which has been introduced in evidence, amounts in law to an equitable assignment of the cause of action on which the said judgment was based and its terms can not be varied or changed by any verbal agreement or understanding not included in the transfer made at the time of or before the execution of the transfer." The appellant has not

cited any decision holding that the transfer of judgment amounts in law to an equitable assignment of the cause of action upon which it is based. Our statute makes provision for the sale of a judgment, or the sale of a cause of action. Rev. Stats., art. 4647. This statute seems to recognize that a sale may be made of one without necessarily embracing a sale of the other. We are of the opinion that when the former judgment was reversed by the Supreme Court the parties to the suit were relegated to their respective rights and liabilities as they existed prior to the judgment. The case of Sinclair v. Stanley, 7 S. W. Rep., 517, tends to support this position. Again, if this charge announces a correct proposition the defendant should have plead a defect of parties plaintiff as required by the statute and having failed to do so should be deemed to have waived the same. Rev. Stats., art. 1265; Waggoner v. Snody, 11 Texas Ct. Rep., 36.

The nineteenth assignment raises the question of the admissibility of the testimony of the plaintiff's witness, Dave Davis, that he made a trip over the defendant's road on an excursion train from Greenville to Texarkana and rode in the eighth coach from the engine; that he sat up next to the door and held his hat between his knees bottom. side up and caught cinders in his hat from the foot of the hill to the whistling post. This included the point where it is alleged the accident occurred to plaintiff. The bill of exception states that the objection made to the testimony was that the defendant's train and conditions were not the same. The objections were overruled and defendant took a bill of exception, which the court approved with the following qualification: "The testimony showed that the train that plaintiff was on at the time he was injured and the one that Davis was on at the time he caught the cinders was made up practically the same. The defendant had offered testimony tending to show that the train always rolled from a distance of about four miles west of the whistling post into Texarkana and that they did not work steam in going up the grade and that therefore no cinders were ever thrown out by any engine going up that grade and the testimony of Dave Davis was offered in rebuttal to this testimony. The question objected to was 'Did you make any observation as to whether cinders were thrown out, as you approached the whistling post?' There was no objection to the answers of those question as to the size of the cinders and as to what he did with the cinders in his hat, but the objection was made as to what his observation was and his observation as to the escape of cinders was in rebuttal to the defendant's testimony because the defendant endeavored to show that all of its trains, excursion or otherwise, rolled up this grade without the working of steam." The explanation of the learned trial judge makes it clear that there was no error in admitting the testimony.

The witness, Duck, qualified as an expert as to the make, use and efficiency of spark arresters, and hence there was no error in admitting his opinion as to the efficiency of the spark arrester used by defendant in its engine and at the time plaintiff was injured.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.

OPINION ON MOTION FOR ADDITIONAL CONCLUSIONS OF FACT.

We do not think the evidence was sufficient to raise the issue as to whether the railway company had used proper care in selecting the spark arrester with which its engine was equipped. It seems to be contended that the evidence was sufficient to bring the case within the ruling in the Carter case, 68 S. W. Rep., 159. In that case the evidence tended to prove that each of two spark arresters was used by railway companies, which produced a condition that made it necessary for the company to make a choice between the two. In this condition of the evidence it was held that it was the duty of the railway company to exercise the proper care to select and use the better of the two. In this case there was no such issue raised by the evidence. The issue here raised was whether the company had used the proper degree of care to equip its engine with such a spark arrester as met with the requirements of the law, and this was the issue submitted by the court. The evidence did not raise the issue sought to have submitted by appellant's special charge No. 7; it therefore is unnecessary to decide whether said special charge announces a correct proposition of law.

Writ of error refused.