[S. F. No. 3748. In Bank.—March 14, 1906.]

M. WITHERS, Appellant, v. W. T. MASSENGILL, and J. T. MASSENGILL, Respondents.

UNLAWFUL DETAINER—SUPPORT OF VERDICT—CONFLICTING EVIDENCE—ORAL LEASE TO SUBLESSEES—REDUCTION OF RATE AFTER TERM.—In an action of unlawful detainer, where there was a verdict for the defendants, upon conflicting evidence, testimony for defendants that, while they were sublessees under an existing lease to a third person, an oral agreement was made with the lessor several months before the end of the term for a continuation of the term to them one year from the date of such agreement, at the former monthly rental, to the end of the former lease, and for a less monthly rental thereafter for the balance of the year, though showing an unusual agreement, cannot be said to be so improbable that the jury must disbelieve it.

ID.—ADMISSIONS OF DEFENDANT.—The oral admissions of the defendant so testifying, and an admission made by letter, that the premises were had for another year at the lower rate, are not sufficient to require the holding, as matter of law, that his testimony should be disregarded by the jury.

APPEAL from an order of the Superior Court of Monterey County denying a new trial. N. A. Dorn, Judge.

The facts are stated in the opinion of the court.

Dougherty & Lacy, for Appellant.

S. F. Geil, J. K. Alexander, and Roy L. Alexander, for Respondents.

SLOSS, J.—In an unlawful detainer action to recover the possession of the premises, and damages for holding over after the expiration of the term, the defendants had judgment. Plaintiff moved for a new trial, and now appeals from the order denying his motion.

CXLVIII Cal.—49

On May 1, 1899, the plaintiff, by a writing, leased the premises, consisting of a livery stable and the lot upon which it stood, in Salinas City, to one Tollett, for a term of three years, ending April 30, 1902. In January, 1901, the defendants, W. T. and J. T. Massengill, took a sublease from Tollett for the balance of the term, at a rental of one hundred dollars per month. The defendants remaining in possession after the expiration of the Tollett lease, this action was commenced on the first day of May, 1902. The defense relied on is possession under an oral lease, claimed to have been entered into on the seventeenth day of February, 1902, between the plaintiff on the one hand and J. T. Massengill, acting on behalf of his son and co-defendant, W. T. Massengill, on the other, whereby plaintiff let the premises to W. T. Massengill for one year from February 17, 1902, at a monthly rental of one hundred dollars, to May 1, 1902, and thereafter to the end of the term, of seventy-five dollars. The cause was tried before a jury, and the only question is whether the verdict in favor of the defendants, based, as it necessarily is, upon the existence of such oral lease, is sustained by the evidence.

As stated above, the oral lease was claimed by the defendants to have been agreed upon between the defendant J. T. Massengill and the plaintiff. No third person was present at the time of the alleged conversation. J. T. Massengill testified that on February 17, 1902, he had a conversation with plaintiff at the stable, and that "the plaintiff gave me a lease of the premises for one year beginning on the 17th of February and ending on the 16th of February, 1903. I told him I intended to . . . pay one hundred dollars a month until the 30th of April, and thereafter until the . . . 17th day of February, 1903, at $75 per month." Withers, on the other hand, testified that he did not on the day in question meet Massengill at the stable, "nor did he (I) make any such agreement as Massengill has testified to." Upon the testimony of these two witnesses there arose a direct conflict as to the only fact in issue, and it would seem that under the established rule the verdict of the jury would be conclusive in this court, especially where the judge of the trial court has by denying a new trial indicated his satisfaction with the result. The appellant recognizing the rule as to the binding force of verdicts based on conflicting evidence, contends that this case

comes within the qualification that such conflict must be real and substantial, and that to support a verdict there must be something more than a ''mere semblance or pretense of evidence.'' (*Driscoll* v. *Market St. Cable R. Co.,* 97 Cal. 563, [32 Pac. 591, 33 Am. St. Rep. 203]; *Field* v. *Shorb,* 99 Cal. 666, [34 Pac. 504].) In order to bring his case within such qualification, plaintiff concedes that he must at least show either that Massengill's testimony is inherently so improbable as to be unworthy of belief or that his admissions made at or about the time of the transaction were such as to stamp his testimony as necessarily untrue. Without reviewing at length the evidence introduced at the trial, we think the plaintiff has failed to establish either branch of this proposition.

As to the testimony of Massengill, considered by itself, it is urged that an agreement made several months before the end of an existing lease, for a continuation of the term for a year from the date of the new agreement, the rental to run to the end of the old lease at the rate fixed thereby, and thereafter, for the balance of the year, at a lower rate, is in itself an unnatural and improbable contract. It is, no doubt, unusual, but we cannot say it is so improbable that a jury must disbelieve testimony of such an agreement.

Nor do we think the oral admissions of Massengill, testified to by several witnesses, are sufficient to require the holding, as matter of law, that his testimony should be disregarded. His statements to several witnesses that he had the stable for another year at seventy-five dollars per month, while not, as regards the rental till May 1st, in strict accordance with what he said at the trial, were of a casual character, and were made to persons who were not interested in the question, under circumstances which would not call for a detailed and exact enumeration of all the terms of the lease. Properly viewed, they did not produce a serious contradiction of his testimony. Other and more damaging statements claimed to have been made were either denied or explained by him.

The appellant bases his contention principally upon a letter written to him by J. T. Massengill ten days after the alleged making of the oral lease. In this letter Massengill said: ''You agreed to Mr. Brown and myself to take $75 per month rent for one year provided you did not sell it, which you would know about in one week, and let me know,'' etc. It is argued

that this writing conclusively showed that at its date the writer believed that no lease had been made, but only an agreement for a lease *in futuro*. Such construction, while possible, is a strict one, and we think the jury were justified in believing, notwithstanding this letter, that a lease had been made as claimed by defendants. At any rate the letter corroborated Massengill to the extent that it tended to show that some understanding had been reached between him and the plaintiff in February, 1902, regarding a further holding of the demised premises, at a monthly rental of seventy-five dollars, and, to the same extent, it contradicted the story of the plaintiff. The plaintiff's position at the trial was that he had, in February, been unwilling for various reasons to make any further lease to the defendants, and that he had made no agreement looking to such further lease. That there was ample evidence to justify the jury in disbelieving plaintiff in these particulars is, and in view of the record must be, conceded. The plaintiff is, then, forced to take his stand on the proposition that while his own testimony that there was no agreement is to be disregarded, a consideration of all the testimony, taken together, shows that the agreement in fact made in February, 1902, was that the lease should be extended one year from May 1, 1902, and that Massengill, having learned that an oral lease for one year, to commence *in futuro,* would be invalid under the statute of frauds (*Wickson* v. *Monarch Cycle Co.,* 128 Cal. 156, [60 Pac. 764, 79 Am. St. Rep. 36]), testified to a lease commencing immediately, so as to avoid such invalidity. To adopt this view would bring about the curious result of holding that the only two witnesses to a conversation having given different and contradictory versions of it, and the jury having found that one of them did not tell the truth, it was bound to find that the other's version was also untrue, and that what really took place was a conversation between them which both denied, and which was not testified to by any witness in the case. Such a holding could be justified only by declaring, as a rule of law, that written statements of a party regarding a transaction, made at or about the time of its occurrence, are absolutely conclusive as to the nature of that transaction, so far as the author of the writing is concerned. Such is of course not the law. No doubt a written statement by a party, made at about

the time of the transaction, is entitled to great weight; but if it be contrary to his or other testimony at the trial, the conflict must be resolved by the jury according to the probabilities of the whole case as they may then appear. Under the circumstances here shown, we cannot say that the evidence was insufficient to sustain the verdict.

The order denying a new trial is affirmed.

Beatty, C. J., Angellotti, J., Shaw, J., Lorigan, J., Henshaw, J., and Harrison, J., concurred.

Note.—Justice McFarland being unable to act, Justice Harrison, one of the justices of the district court of appeal for the first appellate district, participates herein *pro tempore,* pursuant to section 4 of article VI of the constitution of 1879 as amended in 1904.