KEEVIL v. PONSFORD et al. (No. 396.)

(Court of Civil Appeals of Texas. El Paso. Feb. 4, 1915. On Rehearing, Feb. 25, 1915.)

1. MUNICIPAL CORPORATIONS ⬤�þ809—STREETS —OBSTRUCTIONS.
   To leave a wagon loaded with bricks in a public street by night, without placing red lights thereon, as required by city ordinance,

---

⬤�þFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was gross negligence on the part of the defendants.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. ☞809.]

2. MUNICIPAL CORPORATIONS ☞705—STREETS—SPEED LIMIT—EXCEEDING BY OFFICERS AS NEGLIGENCE.

Where a police officer, engaged in special duty of arresting violators of the speed laws, traveled on his motorcycle at a speed in excess of such laws, and was injured while so doing by an obstruction in the street, it was contributory negligence on his part.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. ☞705.]

3. MUNICIPAL CORPORATIONS ☞705—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE OF INJURY.

Where a police officer on duty arresting violators of the speed laws was injured while pursuing an automobile at 50 or 60 miles an hour by colliding with a wagon loaded with bricks left unlighted in the street at night by defendants, the negligence of the officer in running at such a speed will not preclude his recovery for defendants' negligence unless his negligence concurred in proximately causing his injury, the rules regarding proximate cause being the same whether negligence is actual, or imputed through violation of a statute or ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. ☞705.]

4. MUNICIPAL CORPORATIONS ☞706—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE OF INJURY—SUFFICIENCY OF EVIDENCE.

Evidence held insufficient to show, as a matter of law, that plaintiff's negligence proximately contributed to his injury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☞706.]

5. TRIAL ☞139—TAKING CASE FROM JURY—EVIDENCE TO JUSTIFY.

Where any other conclusion might be reached by reasonable minds on the evidence, the direction of a verdict is improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. ☞139.]

6. TRIAL ☞139—TAKING CASE FROM JURY—SETTING ASIDE VERDICT—DIRECTION OF VERDICT.

Greater insufficiency of evidence sustaining plaintiff's case is necessary to justify direction of a verdict against him than to authorize the court to set aside a verdict for him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. ☞139.]

7. APPEAL AND ERROR ☞1177—REVERSAL—JUDGMENT OF APPELLATE COURT—EFFECT OF RELATIONS OF CODEFENDANTS NOT GONE INTO AT TRIAL.

Where a verdict was directed in favor of three codefendants in a suit for personal injuries on the ground of plaintiff's contributory negligence, judgment will not be reversed as to some or one only, where the question of their respective liabilities had not been developed at the trial, but that question will be left to a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. ☞1177.]

8. APPEAL AND ERROR ☞274—REVIEW—SUFFICIENCY OF OBJECTION TO CHARGE.

Objections to the court's charge, sufficient to direct the attention of the trial court to the point, will be sufficient to raise it on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605, 1606, 1607, 1624, 1631–1645; Dec. Dig. ☞274.]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by J. F. Keevil against H. T. Ponsford and another. Verdict directed for defendants, and plaintiff appeals. Reversed and remanded.

Wallace & Gardner, of El Paso, for appellant. McBroom & Scott and J. F. Woodson, all of El Paso, for appellees.

HIGGINS, J. Keevil brought this suit against Ponsford, Pollock, and the Santa Fé Fuel Company to recover damages arising from personal injuries. Pollock was a contractor, building a house on north side of Montana street in city of El Paso. Ponsford was a subcontractor doing the brickwork. Ponsford bought the brick used in the construction of the house from the Vinton Brick Company, to be delivered unloaded in the street. The Santa Fé Fuel Company was engaged in delivering the brick to Ponsford. The latter had nothing to do with the brick until they were delivered and unloaded.

On the night of November 28, 1912, there was a pile of brick belonging to Ponsford in Montana street, on the north side, in front of the house which he and Pollock were engaged in building. The Santa Fé Fuel Company had also left there a loaded wagon of brick for Ponsford. The wagon stood in the street in a slanting position, one of its rear wheels on the south extending 10 to 16 feet in the street from the curb on the north. An ordinance of the city required red lights to be placed during the night at both ends of every obstruction upon any street. Upon the night in question the wagon and pile of bricks were not protected by lights as the ordinance required. A building permit, which had been issued for the construction of the house, carried with it a license to the contractors to place building material in the street while construction was in progress.

Keevil was a policeman of El Paso; his special duty being to detect and arrest violators of the speed limit law. On the night mentioned, he discovered an automobile running at the rate of 60 miles an hour in a westerly direction on Montana street. He at once pursued the car, riding on a motorcycle, and while running 50 or 60 miles an hour collided with the rear wheel of the wagon aforesaid and sustained serious injuries. At the time of the accident he was traveling in a westerly direction and a few feet north of the center of the street. Upon trial, a peremptory instruction was given in favor of the defendants. In accordance wherewith verdict was returned and judgment rendered.

[1-3] It cannot be denied that it was negligence of the grossest character to obstruct the street in the manner indicated without complying with the ordinance relative to placing lights thereon. On the other hand, Keevil, too, was traveling at a rate of speed prohibited by law, and in so doing was guilty of negligence per se. Railway Co. v. Brown, 11 Tex. Civ. App. 503, 33 S. W. 146. Peace officers are not excepted from the operation of the laws limiting the speed of vehicles upon public highways. Certainly, an exception should be made in favor of those whose special duty it is to detect and arrest parties running in excess of the legal limit, while discharging such duty. The courts, however, cannot ingraft this exception. It must be done by the legislative body. But plaintiff's negligence in this respect would not preclude recovery, unless it concurred with the negligence of defendants and proximately contributed to the injury. Martin v..Railway Co., 87 Tex. 117, 26 S. W. 1052; Railway Co. v. Parks, 40 Tex. Civ. App. 480, 90 S. W. 343; Campbell v. McCoy, 3 Tex. Civ. App. 298, 23 S. W. 34; Railway Co. v. Garcia, 75 Tex. 583, 13 S. W. 223; Railway Co. v. McClain, 80 Tex. 85, 15 S. W. 789. Whether an act be negligence per se, because violative of a duty imposed by statute or ordinance, or be negligence because in violation of some duty under general principles of law, the same rules must be applied in determining the question of proximate cause. Railway Co. v. Dobbins, 40 S. W. 861. Was the court below warranted in assuming as a matter of law that plaintiff's negligence was a proximately contributing cause?

[4-6] Undoubtedly the evidence strongly tends to establish this fact, but we are not prepared to say no other conclusion could be reached by reasonable minds. The evidence might be so unsatisfactory upon this issue that the court would have been warranted in setting aside a verdict in plaintiff's favor, and yet not of that character which would authorize an adverse peremptory instruction. We are of opinion there is room for a difference of conclusion by reasonable minds upon the issue, and that the peremptory instruction was improperly given. In view of retrial, we refrain from discussion of the details and probative force of the evidence.

[7] The Santa Fé Fuel Company insists that in any event the judgment as to it should be affirmed, since the undisputed evidence shows the duty of placing lights upon the obstruction did not rest upon it. On the other hand, Pollock and Ponsford contend that in any event the judgment should be affirmed as to them. The peremptory instruction, upon its face, shows it was given upon the theory that plaintiff's recovery was barred by his own contributory negligence, and the defense seems to have proceeded mainly upon that theory. What the evidence upon retrial may develop as to liability of the respective defendants cannot be definitely foreseen. We do not think this a proper case to affirm as to certain of the defendants and reverse as to others, but the ends of justice require a general reversal and it will be so ordered.

Reversed and remanded.

WALTHALL, J., did not sit in this case.

On Rehearing.

HIGGINS, J. Upon rehearing, it is urged that the objections to the court's charge filed by appellant, as required by chapter 59, Acts of 1913, were insufficient to raise the point upon which the reversal herein is based. ·

[8] An examination of such objections discloses that they were sufficient to direct the attention of the trial court to the error indicated in original opinion. They may not have done so as clearly and definitely as is desirable, but we are unable to say they were wholly insufficient in that respect.