## SCHAFF v. SANDERS. (No. 613–4110.) ·

(Commission of Appeals of Texas, Section A. March 24, 1925.)

**1. Carriers** ⇐318(3)—**Evidence held sufficient to raise issue of defendant's negligence for failure to keep in repair and operation its spark arresters.**

In action for injuries when struck in eye by a cinder, evidence *held* sufficient to raise issue of negligence in selecting, keeping in repair, and operating spark arresters.

**2. Infants** ⇐72(2)—**Minor held entitled to recover damages for loss of time during minority.**

· Minor, who received injuries as a passenger, *held* entitled to recover damages for loss of time during his minority where, without any objection of defendant, he was permitted to prove his emancipation before injury, and his father having brought suit as next friend filed a waiver of claim for damages that might accrue to him.

**3. New trial** ⇐101—**New trial for newly discovered evidence held properly denied.**

New trial ʼfor newly discovered evidence *held* properly denied, where case was tried by defendant on theory that plaintiff under pleadings had failed to prove a case against defendant.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Newton Sanders, as next friend for Charles Sanders, against C. E. Schaff, receiver. Judgment for plaintiff was affirm-

ed by the Court of Civil Appeals (257 S. W. 670), and defendant brings error. Affirmed.

M. O. Flowers, of Lockhart, and Page & Jones, of Bastrop, for plaintiff in error.

Leon Green, of Austin, and C. F. Richards and E. B. Coopwood, both of Lockhart, for defendant in error.

CHAPMAN, J. Newton Sanders, as next friend for his minor son, Charles Sanders, brought this suit against C. E. Schaff as receiver of a certain railroad company. The allegations of plaintiff are that while a passenger on one of defendant's trains, and while sitting by an open window, he was struck in the eye by a cinder and received injuries from which he lost the sight of his right eye. At the time of the injuries Charles Sanders was 16 years of age, and at the time of the trial 18 years of age. No allegations were made in the pleadings of plaintiff that Charles Sanders had been emancipated by his father at the time of the alleged injuries, but proof was offered that Charles Sanders had been so emancipated, and this without objection on the part of the defendant, and in addition to this, the father, Newton Sanders, over the objection of the defendant, and after all the evidence in the case had been introduced, filed among the papers this waiver:

"Now comes Newton Sanders in the above styled and numbered cause and says: That he is the father of Charles Sanders, a minor, and plaintiff in this cause; that he is the only surviving parent of the said Charles Sanders, his mother being dead; that he disclaims all interest and right in the earnings of the said Charles Sanders until the said Charles Sanders becomes 21 years of age, and disclaims all interest and right and claim to any sum or sums of money that the said Charles Sanders may be entitled to or recover from the defendant in this cause by reason of the injuries complained of in this cause against the defendant. [Signed] Newton Sanders."

Plaintiff recovered damages in the sum of $5,000, and this judgment was affirmed by the Court of Civil Appeals at Austin. 257 S. W. 670.

The questions raised by defendant, Schaff, in his application for writ of error are: First, that plaintiff having alleged negligence in general terms in one paragraph of the petition, and having alleged negligence specifically in another paragraph of the petition, that plaintiff was bound by the specific allegations, and that the trial court erred in rendering judgment on the negligence alleged in general terms; second, that the plaintiff having failed to plead the emancipation of Charles Sanders, the court erred in permitting proof of his emancipation, and the court erred in permitting to be filed among the papers at the time it was filed the waiver of Newton Sanders, and that for these reasons recovery could not be had in this case for loss of time of Charles Sanders during his minority; third, that error was committed in refusing defendant a new trial on the ground of certain newly discovered evidence.

[1] The pleadings necessary for a discussion of the first proposition are set out in the opinion by the Court of Civil Appeals. By a careful reading of paragraphs 3 and 4 of plaintiff's petition, it is shown that two entirely separate and distinct grounds of negligence are alleged. Paragraph 3 charges negligence in the selection of inadequate and sufficient spark arresters for the engines of defendant, and in failing to keep in repair and properly manage and operate said spark arresters, without making specific allegations as to why the spark arresters were inadequate and insufficient, and without stating how they were not kept in repair and in what particulars they were not properly operated. Paragraph 4 alleges negligence on the part of defendant in failing to have the train upon which plaintiff was a passenger run, managed, and controlled in a safe, proper, and careful manner, and by placing unskillful, careless, and reckless employees in charge of the same. Then follows in said paragraph 4 allegations of specific acts showing the negligent operation of the train. It is thus shown that paragraph 4 is not a specific statement of the ground of negligence generally stated in paragraph 3, but that paragraph 4 contains specific allegations of a different ground of negligence from that mentioned in paragraph 3. The grounds of negligence alleged in paragraph 4 were abandoned by plaintiff, for, after stating the extent of his injuries, he states in paragraph 9 that such injuries were caused by the negligence of defendant that is mentioned in paragraph 3, and none of the specific acts of negligence alleged in paragraph 4 were proved, and the negligence mentioned in said paragraph was not submitted to the jury. With the negligence alleged in paragraph 4 eliminated, then the only grounds of negligence to be considered are those mentioned in paragraph 3. The question of whether the defendant was negligent in the manner alleged in paragraph 3 was submitted to the jury, and the verdict on this issue was in favor of the plaintiff. The only evidence offered by plaintiff to show that defendant was negligent as found by the jury was the testimony of defendant that he was struck in the eye by a cinder while sitting by an open window on the train, and that the injury received resulted in the loss of the sight in the right eye. The question arises as to whether this evidence was sufficient to raise the issue of negligence on the part of defendant in selecting, keeping in repair, and operating its spark arresters. This precise question was before the Court of Civil Appeals of

the Fifth District in Railway Co. v. Parks, 40 Tex. Civ. App. 480, 90 S. W. 343 (writ of error denied), and that court held that such evidence was sufficient to raise the issue mentioned. We copy from that case the following:

"There was evidence tending to show that hot sparks and cinders did escape from the engine, and that they came in contact with plaintiff's eyes and injured them. At the time plaintiff was riding in the tenth car from the engine. Evidence that sparks and cinders from the size of a pin head to that of a pea escaped from the engine and injured plaintiff made a prima facie case of negligence on the part of defendant. This evidence raised the issue that the appliances for the prevention of the escape of sparks and cinders were defective; that, if a sufficient spark arrester had originally been provided for the engine, the same had not been kept in repair, or that the engineer was negligent in handling the engine."

[2] We agree with this holding. We think that under the pleadings and facts in the case the defendant in error was entitled to recover damages for loss of time during his minority upon two grounds: First, that without any objection of defendant he was permitted to prove his emancipation before the injury; and second, that his father, having brought the suit as next friend for his minor son, and having filed a waiver of claim for damages that might accrue to him, would be estopped to claim any damages on account of the injury to his son. We find this question discussed by Judge Stayton in T. & P. Ry. Co. v. Morin, 66 Tex. 225, 18 S. W. 503, in this language:

"The services of the appellee during his minority belonged to his parent, who, as next friend, represents him in this case, and a diminution in his capacity to earn money during that period, gave cause of action to the parent, but not to the minor, unless it was shown that the child had been emancipated by the parent."

This opinion might be construed to indicate that the parent would not be estopped under facts like those in the present case, but we find a discussion of a similar issue by the same judge in Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398, in these words:

"The father was present on the trial, testifying in the case and thus aiding the son to obtain a judgment, and it may well be doubted if he could be heard to assert a cause of action in himself if payment was made to his son."

The question of emancipation is discussed in Gulf Cooperage Co. v. Abernathy, 54 Tex. Civ. App. 137, 116 S. W. 869, as follows:

"There was no error in allowing appellee to recover the value of his lost time, and for his inability to earn money in the future and during his minority. The evidence, which was uncontradicted on this point, was sufficient to show that appellee had been turned loose by his mother, his only surviving parent, to make his own living. This was sufficient evidence of emancipation in fact to authorize him to recover the value of his lost time and for inability to earn money during his minority Wood's Master and Servant, 22–37. The mother, as next friend, brings this suit, and in the son's name seeks a recovery, for him, of the value of such lost time. We suggest that the petition be so amended as to show this emancipation. This objection is not made in the brief."

Both the question of emancipation and estoppel, in a case where the issues were much like the issues in the case under consideration, were discussed by the Supreme Court of Arkansas in Moline Timber Co. v. Taylor, 144 Ark. 317, 222 S. W. 371, in this language:

"An instruction on the question of the measure of damages permitted appellee to recover for the loss of time from the date of his injury; the objection now urged to the instruction being that appellee, at the time of his injury, was still a minor, and that appellee's father was entitled to these earnings during the remaining period of appellee's minority. It appears, however, that appellee had been emancipated by his father, and for more than a year had been allowed to collect and to appropriate his earnings to his own use. But, however that may be, the father brought this action as next friend of his son, and the instruction complained of directed the jury to assess compensation for any loss of time or diminished earning capacity from the date of the injury, and the father would be and is thereby estopped from claiming anything on account of appellee's services."

Either one or both of the propositions of emancipation and estoppel stated are discussed and upheld in the following cases: Abeles v. Bransfield, 19 Kan. 16; Revel et al. v. Pruitt, 42 Okl. 696, 142 P. 1019; Zongker v. People's Union Mercantile Co., 110 Mo. App. 382, 86 S. W. 486; Louisville Ry. Co. v. Esselman, 93 S. W. 50, 29 Ky. Law Rep. 333; Miller v. Pacific Coast Condensed Milk Co., 65 Wash. 518, 118 P. 627; American Car & Foundry Co. v. Hill, 226 Ill. 227, 80 N. E. 704; Kenure v. Brainerd & Armstrong Co., 88 Conn. 265, 91 A. 185.

[3] We think the Court of Civil Appeals properly disposed of the issue raised on the question of newly discovered evidence. In addition to the grounds stated by the Court of Civil Appeals to show that the trial court did not err in refusing a new trial on the ground of newly discovered evidence, the record in the case clearly shows that the case was tried by the defendant on the theory that the plaintiff, under the pleadings, failed to prove a case against the defendant. We copy this statement from the application for writ of error of defendant, Schaff, receiver:

"Defendant in error in his brief lays great stress upon the fact that petitioner offered no evidence in the court below. The writer of this brief, who tried the case in the court be-

low, has been taught that it is never necessary for a defendant to offer evidence until plaintiff has alleged and proven a case. It is quite too clear for argument that defendant in error alleged a case in the court below, and failing to prove the same, it was not necessary for evidence to be offered by petitioner herein, and for that reason none was offered."

We recommend that the judgment of the Court of Civil Appeals be affirmed.

PER CURIAM. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.