[Civ. No. 6269. First Appellate District, Division One.—August 23, 1928.]

HENRY BALLOS, Respondent, v. DON NATURAL, Appellant.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Appellant.

Keyes & Erskine for Respondent.

CASHIN, J.—The plaintiff, while a pedestrian crossing Third Street in the city and county of San Francisco at its intersection with Thornton Avenue, was injured by an automobile operated by the defendant. The injuries were found by a jury to have been caused by the negligence of the defendant, who appeals from a judgment for damages entered upon the verdict.

It is claimed that certain instructions given the jury were prejudicially erroneous and that the verdict on the issue of contributory negligence is unsupported.

The jury, at the request of the plaintiff, was instructed that ''The operator of a motor vehicle has no right to assume that a road is clear but must under all circumstances and at all times be vigilant and must anticipate and expect the presence of others. Accordingly, the fact that the operator of the motor vehicle did not know that anyone was on the highway is no excuse for conduct which would have amounted to recklessness if he had known that another person or vehicle was on the highway.'' It is contended that the instruction charged with respect to matters of fact,. assumed facts not proven and incorrectly stated the law as to the duty of the operator of a motor vehicle.

The record discloses no evidence that the defendant had knowledge of conditions on the highway, but the instruction reasonably construed was but the declaration of a rule of law and not a charge upon the facts, and, in view of the record, was not misleading nor could it have been misunderstood by the jury. Furthermore, the trial court was careful to instruct the jury that ''In considering the instructions you will understand that the court does not assume the existence of any facts for, as stated, you are the sole

and exclusive judges of the facts." ▉ The jury was also instructed that "The operator of an automobile is not necessarily exempt from liability for injuries occurring in a public street or highway by showing simply that at the time of the accident he was running at a rate of speed allowed by law. He still remains bound to anticipate that he may meet persons at any point on the street or highway, and he must in order to avoid the charge of negligence keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with other persons using proper care and caution, and if the situation requires it he must slow up and stop." It is urged by the defendant that this, with the first instruction quoted, placed upon the automobile driver the duty to exercise a higher degree of care than that which the law requires, and that the use of the expression "proper care" was misleading.

We cannot agree with this contention. It is the duty of the driver of an automobile to anticipate the presence of pedestrians on the highway (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709]), and each of the instructions criticised was approved in *Nichols* v. *Nelson,* 80 Cal. App. 590 [252 Pac. 739]. Moreover the jury was elsewhere fully and correctly instructed as to the relative rights of pedestrians and those operating vehicles on the highway. As held in the case last cited the employment of the word "proper" to indicate the care required of a defendant means only the exercise of that degree of care which a prudent man should use under like circumstances and which is the degree of care which the law imposes on the other (*Ramsbottom* v. *Flood etc. Co.,* 138 N. C. 38 [50 S. E. 448]; *Missouri, K. & T. R. Co.* v. *Flood,* 35 Tex. Civ. App. 197 [79 S. W. 1106]). As the court said, "Where a court has used words and phrases in their customary and conventional sense no complaint can be made—the jury are presumed to possess ordinary intelligence and to understand the meaning and use of words in their common and ordinary application," citing *Hutson* v. *Southern California Ry. Co.,* 150 Cal. 701 [89 Pac. 1093].

▉ As stated, the jury was fully and fairly instructed in the present case as to the degree of care required of both parties; and where this has been done a subsequent charge to find for one or other of the parties if proper care has not

been exercised is not prejudicial (*Nichols* v. *Nelson, supra; St. Louis S. W. R.* v. *Parks,* 40 Tex. Civ. App. 480 [90 S. W. 343]).

█ The following instruction was also given at the request of the plaintiff: ''You are further instructed that the law does not require of a pedestrian that he must look in every direction every instant of his progress. It does require that he must look at least in those directions from which danger may be easily apprehended as often and as carefully as would a person of ordinary prudence under like circumstances.'' Subsequently there were given two instructions offered by the defendant which he claims were in conflict with the above, these being as follows: ''In the exercise of a common right to the use of the public highways all persons, pedestrians as well as drivers of automobiles, using the same must exercise constant care and caution for the conservation of their correlative rights commensurate with the special hazard which is peculiar to and nowadays is ever present in the use of the public highways,'' and ''The law imposed upon the plaintiff Henry Ballos the duty of exercising ordinary care at all times. It was his duty to exercise his faculties of sight and hearing to ascertain whether an automobile was approaching immediately before going or attempting to go in front thereof. If he went or attempted to go in front of said automobile, and if at that time he could by exercising his senses of sight and hearing with ordinary care have ascertained the approach of said automobile and its proximity to the point at which he was crossing, and if he failed to do so, and if his failure to do so was a proximate cause of his injuries, then and in that event the plaintiff cannot recover, and your verdict must be in favor of the defendant Don Natural.'' The jury was further instructed that ''A pedestrian has no right to assume that a street is clear but under all circumstances and at all times he must be vigilant and must anticipate the presence of vehicles traveling in the street.''

The above instructions create no conflict in any material particular. Read together they fairly state the law; and as the jury was admonished by the court not to select a single sentence or a single instruction and base their verdict solely upon that, and told that they were to consider the instructions together as a whole, it cannot reasonably be said

that the jury was led to believe that one measure of care should be applied to pedestrians and another to drivers of vehicles.

The jury was also instructed that "It is part of the duty of the operator of a motor vehicle to keep his machine always under control so as to avoid collisions with pedestrians and other persons using the highway." As claimed by appellant, it is the duty of a driver to use ordinary care to keep his vehicle under control and to avoid collisions, and to the extent that a higher degree of care was prescribed the instruction was erroneous. This instruction, however, did not stand alone, but was preceded and followed by others in which the court fully and correctly stated the degree of care required in the management of vehicles on public streets, thus removing the misleading effect, if any, of the instruction quoted.

It is further contended that the court by its instructions taken as a whole unduly enlarged the duties and obligations of the defendant and minimized those of the plaintiff. A reading of the instructions negatives this contention and shows that the charge as a whole fully and fairly stated the law of the case.

The action was twice tried, and there appears some contradiction between the testimony of the plaintiff given at the first trial and that given by him at the second on the issue of contributory negligence. Appellant contends that the plaintiff should be bound by that given on the first trial of the action, which testimony, it is claimed, shows that he was guilty of contributory negligence as a matter of law.

The jury were the exclusive judges of the credibility of the plaintiff, and it was for them to determine, in view of the contradictory testimony given at the first trial, the extent to which his testimony was entitled to belief (Code Civ. Proc., sec. 1847; *Welch* v. *Alcott*, 185 Cal. 732 [198 Pac. 626]; *Withers* v. *Massengill*, 148 Cal. 769 [84 Pac. 153]; *People* v. *Raich*, 26 Cal. App. 286 [146 Pac. 907]; *People* v. *Chesney*, 72 Cal. App. 570 [237 Pac. 793]).

Appellant in his closing brief claims that the admission of evidence of his acts and oral statements shortly after the accident was prejudicially erroneous.

Before this testimony was admitted there was introduced a writing signed by him stating that he knew at the time

of the collision that some person had been struck by his automobile; that the occurrence caused him to faint, and the machine after the collision continued on its course for some distance; that after his recovery he left the automobile in the street and went to the house of a friend, who later accompanied him to the police station. The statement was objected to on the ground that it was not shown to have been voluntarily made, whereupon the plaintiff introduced evidence tending to prove the fact. The oral statements in question were testified to by the person who accompanied him to the police station and by a police officer. According to the testimony of the former, appellant came to his house shortly after the accident and requested assistance in removing his automobile from the street. The witness, accompanied by appellant, thereupon drove in an automobile to the place where appellant's car had been left, but not finding it, appellant then requested to be taken home. After several questions by the witness, appellant admitted that some person had been struck by his automobile, whereupon the witness urged him to report the matter to the police, which was accordingly done. The officer testified to a statement made by appellant after his arrival at the police station in which he made the same admission, stating further, according to the officer, that he "kept on going and that his machine stopped, and when he came to himself he took a street car down to a friend of his on Leland avenue."

It is urged that evidence of appellant's conduct after the accident, in particular his visit to the police station and his statement to the officer that after the accident he kept on going, was incompetent. In support of this contention appellant cites *Henderson* v. *Northam*, 176 Cal. 493 [168 Pac. 1044], where it is held that while the failure to perform a duty imposed by statute is evidence of negligence, the act or omission in order to warrant a recovery must have contributed to the injury, and that the failure to stop after the accident, since it in nowise contributed to the injury, was not a subject for consideration by the jury. This rule, however, has no application here, as the testimony of the witness was offered for another purpose. Appellant having denied in his answer that his automobile struck the plaintiff, and the fact not having been admitted

at the trial, it was incumbent upon plaintiff to prove it. The testimony was admitted for this purpose; but appellant contends that his written statement was sufficient proof of the fact and that other evidence thereof was improper. At the trial he also objected, on the ground of its irrelevancy, to any evidence of his acts or statements after the accident with the exception of the writing mentioned. Although the admissions contained in his written statement were not denied by appellant, who offered no evidence at the trial other than the deposition of the plaintiff, the latter was not apprised of his intention in that regard, and was in any event entitled to introduce any competent evidence tending to prove a material issue in the case. The greater portion, if not all, of the testimony of the two witnesses was relevant to the issue mentioned, and if parts were inadmissible the same should have been called to the attention of the court by an objection and a motion to strike, specifying the portions of the testimony to which objection was made (*Shatto* v. *Crocker,* 87 Cal. 630 [25 Pac. 921]; *Hellman* v. *McWilliams,* 70 Cal. 449 [11 Pac. 659]). This appellant failed to do, relying on his general objection to the admissibility of the testimony as a whole. Where evidence is apparently admissible and no motion is made to strike it when the contrary is shown, an objection to its admissibility is deemed to have been waived (*City of Venice* v. *Short Line Beach Land Co.,* 180 Cal. 447, 453 [181 Pac. 658]; *People* v. *Lawrence,* 143 Cal. 148 [68 L. R. A. 193, 76 Pac. 693]; *DeBock* v. *BeBock,* 43 Cal. App. 283, 299 [184 Pac. 890]).

After a review of the whole record, including the evidence, we are satisfied that the conclusions of the jury on all the issues were fully supported, and that no error is shown which would justify a reversal of the judgment.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 22, 1928.

All the Justices concurred.