[Civ. No. 11184.   Second Appellate District, Division One.—March 12, 1937.]

ROSE PARRISH, Appellant, v. ALBERT THURMAN et al., Respondents.

Newby & Newby for Appellant.

C. F. Jorz for Respondents.

BISHOP, J., *pro tem.*—At 9 o'clock on a rainless night in November, the plaintiff sideswiped from the rear the disabled fruit truck of the defendants as it stood some two feet to its right of the center line on the desert highway between Yuma and Holtville.   The road stretched away in each direction from the truck, and as the plaintiff approached there was no other vehicle in sight upon the highway in either direction. On the rear of the truck there were two green lights, three red lights and two large reflectors.   Why the plaintiff failed to see the truck until too late to avoid striking it does not appear.   The evidence, which warranted the jury in finding the facts to be as above indicated, supports the implied finding that the plaintiff was negligent, and that her negligence contributed to the accident.

Defendants' counsel was permitted to introduce evidence that on the afternoon and late into the evening of the day previous to the day of the accident, the plaintiff was drinking and was drunk, and that again on the day of the accident she was drinking and was so far intoxicated that an attempt was made to dissuade her from starting out at 3 P. M., on the three highways she laughingly said she saw, where one had been constructed. The objection that her intoxicated condition before and at 3 o'clock was too remote, was properly overruled on counsel's promise to bridge the gap between the hour of her departure and the hour of the accident. The objection that the plaintiff now makes that the bridge, which was built of medical testimony upon the persistence of alcohol in the brain and its effect upon nerve reflexes, was too weak for the jury's consideration, we cannot consider, for there was no motion to strike the testimony. (*Ballos* v. *Natural*, (1928) 93 Cal. App. 601 [269 Pac. 972], and cases there cited, p. 608.)

We find no error in the making of the order denying a new trial. The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.